## ED LORANCE v. THE STATE.

### No. 1053.    Decided June 3rd, 1896.

**Jury—Recalling Witness as to His Testimony.**

After a jury has retired to consider of their verdict in the case, and at their instance a witness is recalled, he can only be so recalled for the purpose of restating the testimony already given by him, and it is error to interrogate him with reference to any other fact.

APPEAL from the County Court of Bosque.    Tried below before Hon. W. B. THOMPSON, County Judge.

Appeal from a conviction for disturbance of religious worship; penalty, a fine of $25.

No statement necessary.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of disturbing religious worship, and fined $25; hence this appeal.    The defendant's fourth bill of exceptions recites that, "after the jury had retired to consider of their verdict, they returned into open court, and the court propounded the following question to both the State's witnesses, Romine and Whitely, to-wit: 'Did the disturbance continue after the minister reproved the boys the first time?'    To which question the witness, Romine, answered that it did, and continued until the boys went out of the church.    The witness, Whitely, answered that he did not remember, and could not say.    To which counsel for the defendant objected because the word 'disturbance' was used in place of 'talking, laughing and whispering,' as used in the indictment, and because the question did not ask the witnesses to state what he testified while on the stand, but the witnesses were to answer the above question."    Error is assigned upon this ruling of the court.    We think the error is well assigned.    After a jury has retired to consider of their verdict, they cannot hear testimony other than that which has already been placed before them; and, in the event any witness is recalled, he can only be so recalled for the purpose of restating the testimony already given by him.    He cannot be interrogated with reference to any other fact.    This is a plain statutory provision. See, Willson's Crim. Stat., §§ 2384, 2385; Williams v. State, 35 Tex. Crim. Rep., 183.    The other questions suggested for reversal we deem without merit.    The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.