## R. Q. CATHEY v. THE STATE.

### No. 7794. Decided June 13, 1923.

1.—Selling Intoxicating Liquor—Evidence—Opinion of Witness.

Where objection was made to certain testimony,. wherein the witness gave his opinion that the contents of the bottle exhibited was corn whisky by the smell and taste of it, was intoxicating, *held*, that expert knowledge was not required, and there is no reversible error.

2.—Same—Intoxicant—Technical Knowledge.

The nature of the article in question and the common knowledge pertaining to it does not require a technical knowledge of the liquor to enable a witness who has observed it, and who is able to distinguish it by the taste and smell with which he was familiar in order to give testimony that the liquid was whisky.

Appeal from the District Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited, Hendley v. State 249 S. W. Rep., 473.

MORROW, PRESIDING JUDGE.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Langford, the purchaser named in the indictment, testified that he bought whisky from the appellant. The witness said:

"I bought some whisky from the defendant, R. Q. Cathey, on or about October 12th of this year. * * * I was walking down the street, and I met Mr. Cathey, and he invited me up to his room to take a drink. * * * He had a half gallon fruit jar of whisky and he said he would let me have half of it. * * * I paid him $4.00 the next morning for the whisky."

In several bills of exception appellant seeks to combat the admissibility of the testimony of this witness upon the ground that he was not qualified to speak or testify that the article which he bought was whisky.

Bill No. 1 is qualified to the effect "that before any objection was made, the witness testified that he bought whisky from the appellant; that he went to his room for it upon his invitation; that no motion was made to exclude this testimony." The liquid purchased by the

witness was produced upon the trial and identified by him and another witness. He gave his opinion that the contents of the bottle exhibited was corn whisky. Apparently the witness was permitted to smell and taste the contents. The complaint might be disposed of on the ground that the proof was made without objection and no motion was made to exclude it. Wagner v. State, 53 Texas Crim. Rep. 306. However, the opinion is entertained that the evidence was admissible. We think expert knowledge was not required to prove that the liquor was whisky. On the subject, the Supreme Court of Alabama made this statement:

"It was competent for the witness * * * to testify to his opinion as to the intoxicating properties of the bitters proved to have been sold by the defendant. This is a matter of common knowledge, where a witness is shown to have had an opportunity of personal observation, or of experience, such as to enable him to form a correct opinion. It is not required that he should be a technical expert." (Carson v. State, 69 Ala. 240.)

See also Merkle v. State, 37 Ala. 139. A similar ruling was made by the Supreme Court of Massachusetts. A witness testified that he had seen the accused selling liquors (whisky) to parties standing at the bar. He also testified that he had seen the liquid, which was of a reddish color; and in reply to a question said that it looked like whisky. This testimony was admitted and held sufficient to support an indictment charging the keeping of a building for the purpose of making illegal sales of intoxicating liquor. In our own courts that particular question; that is, the amount of knowledge that must be displayed by a witness to enable him to testify to the fact that the aricle in question was whisky has apparently been the subject of little discussion. Many cases are found in which such evidence has been received, but none have come to our attention in which the subject has been regarded as one of expert knowledge. See also Cyc. of Law & Proc., Vol. 23, p. 266; Anderson v. State, 93 S. E. Rep. 237.

In the case before us, it appears from the first bill of exceptions, as qualified that both appellant and the witness regarded the article as whisky. Appellant wanted to sell whisky and the witness bought whisky and paid for it according to his statement. Nothing is embraced in the bill indicating a lack of knowledge on the part of the witness.

In the second bill it is not made to appear by the certificate of the trial judge that the witness had not revealed a knowledge of the contents of the bottle which he purchased from the appellant. In the third bill it affirmatively appears that the witness did testify to such familiarity with the article as to enable him to state its contents. As stated above, the nature of the article in question and the *common knowledge pertaining to it does not require a technical* knowledge of the liquid to enable a witness who has observed it and

who is able to distinguish it by the taste and smell, with which he was familiar, in order to give testimony that the liquid was whisky. The objection that his knowledge is not sufficient would be referred to its weight and not to its admissibility. The method of procedure would be to test its value by cross-examination, with reference to which the rights of the accused should not be unduly restricted. Beaty v. State, 53 Texas Crim. Rep. 433.

Finding no error in the record, an affirmance of the judgment is ordered.

*Affirmed.*