JUAN GONZALES v. THE STATE.

No. 7958. Decided December 19, 1923.

1.—Possessing Intoxicating Liquor—Instructed Verdict.

Upon trial of unlawfully possessing intoxicating liquor, there was no error in refusing to instruct the jury to find defendant not guilty under the facts of the instant case.

2.—Same—Evidence—Expert Testimony.

Upon trial of unlawfully possessing intoxicating liquor for the purpose of sale, there was no error in admitting testimony of a former bartender to identify intoxicating liquors of various types. Following Cathey v. State, 252 S. W. Rep., 534.

3.—Same—Evidence—Conspiracy—Evidence.

Where it was shown that defendant and another acted together in the possession of the liquor in question, there was no error in admitting in evidence a conversation between defendant and said party, while the conspiracy was pending.

4.—Same—Credibility of Witness—Alibi.

Where defendant had testified to an alibi, there was no error in admitting testimony that he had previously been·convicted of unlawfully selling intoxicating liquor.

5.—Same—Jury and Jury Law—Practice in Trial Court.

Where the jury appeared in court after having retired to consider their verdict on disagreement of testimony of a certain witness and asked for its reproduction, and the court stenographer was unable to reproduce it, there

96 T. C.—14

was no error in permitting the witness himself to appear and rehearse his testimony as previously given. Following Lorance v. State, 37 Texas Crim. Rep., 453.

Appeal from the District Court of Cameron. Tried below before the Honorable A. W. Cunningham.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The witness Burton testified in substance that about eight o'clock at night he and one, Carter, approached an old Mexican in an effort to buy tequila and arranged to call at his house at ten o'clock to receive the liquor. The appellant was not present at the time of the conversation, but at ten o'clock Burton and his companion went to the place designated by the old Mexican, and he later appeared, accompanied by the appellant. It was agreed that the old Mexican, whose name was Emilio Jaso, would deliver fifty bottles of tequila for one hundred dollars. When he and the appellant appeared, they insisted that Burton and Carter should enter the house and receive the liquor. This they declined to do. Emilio finally said that they had but twenty-nine botles there, but that he would get nineteen bottles more. The witness agreed to wait in the car which they had driven to the place. The appellant left and soon returned with a sack and a pasteboard box containing seven quarts of tequila. He and two other Mexicans brought six botles and Emilio brought twenty-nine bottles in a sack and laid them by the car. While pretending to count the money, the witness turned on the lights of the car and observed the features of the parties, including the appellant. While the witness was counting and recounting the money and waiting for the approach of friends, two of his (Burton's) friends drove up in a car, and the appellant and the other Mexican fled. One attempted to carry with him the sack of tequila. Part of the Mexicans were arrested that night, and the appellant was arrested the next day. It was not the intention of the witness to buy the liquid to drink but his purpose was to implicate and apprehend violators of the laws prohibiting the liquor traffic.

There was no error in refusing to instruct the jury upon a verdict of not guilty.

A witness, who had been a bartender for a number of years and was able to identify intoxicating liquors of various types, testified that a part of the liquor in question was "aguardiente" and that part of it was tequila. There was no error in receiving this testimony. See Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534.

There being evidence that the Mexican Emilio Jaso and the appellant were acting together in the possession of the liquor in question for the purpose of sale, the receipt of that part of the testimony detailed by the witness Burton which related to a conversation with Emilio in the absence of the appellant was properly received as one of the acts or declarations of the co-conspirator in furtherance of the common design. Branch's Ann. Tex. P. C., Sec. 694.

The testimony that the appellant had previously been convicted of the offense of unlawfully selling intoxicating liquor was properly received as bearing upon his credibility as a witness, he having testified in his own behalf to an alibi.

After the jury had retired, they announced their inability to agree touching the testimony of the witness Burton and asked for its reproduction. The court stenographer was called and made an effort to reproduce it. He was ill and his reading was unintelligible and the jury after retiring, expressed in writing their inability to understand the reporter's reading of his notes, whereupon the court permitted the witness Burton to appear and rehearse his testimony as previously given in the presence of appellant and the court. We understand this practice to be permissible and discern in the present case no abuse of the rule. See Lorance v. State, 37 Texas Crim. Rep., 453.

The judgment is affirmed.

*Affirmed.*