## MONROE LEDBETTER v. THE STATE.

### No. 7984.  Decided February 20, 1924.

### Rehearing denied April 9, 1924.

**1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.**

Where upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

**2.—Same—Evidence—Character of Liquor.**

Upon trial of unlawfully manufacturing intoxicating liquor there was no error in admitting testimony that the fluid in question had the odor of whisky.  Following:  Cathey v. State, 252 S. W. Rep., 534.

**3.—Same—Search and Seizure—Practice on Appeal.**

The testimony of the officers who searched appellant's premises was not improperly received in evidence.  Following:  Welchek v. State, 93 Texas Crim. Rep., 271.

**4.—Same—Evidence—Smell of Liquid—Other Testimony.**

While the fact that the liquid smelled like whisky might not be sufficient standing alone to characterize the liquid as intoxicating, yet, where the equipment and the process of manufacture which the evidence reflected are such circumstances in connection with said odor to warrant the conviction, there is no error.

**5.—Same—Rehearing—Sufficiency of the Evidence.**

This court has again examined the statement of facts and must overrule the motion for rehearing and hold that the evidence is sufficient to sustain the conviction.

Appeal from the District Court of Fannin.  Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. P. Cox,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

Officers Guthrie and Long visited the home of the appellant, where they found distilling apparatus.  Guthrie said:

"There were three half-gallon jars of whisky.  There was a fire under the boiler and whisky was coming out of the end of the worm into a tin bucket."

The witness took a quart of the liquid out of this bucket. There were two barrels of mash in the smoke-house. On cross-examination the witness said that he could not see what was in the jars whether it was whisky or not; that the liquid running into the bucket and that in the jars had the same appearance. The witness said further:

"I thought from the way this smelled that it was whisky. I did not drink any of it. **** I have had a right smart of experience smelling whisky. I can tell by the smell of it whether it was whisky or not. This stuff I got at Ledbetter's smelled just about like all that corn whisky smells."

The part taken possession of was turned over to the sheriff. According to the witness, he thought some of it was in the hands of the county attorney and in his office at the time.

Long testified that there was stuff in the cooker or cooler. He said: "I don't know what kind of stuff; it looked like meal and a whole lot of stuff when we poured it out." There was a bucket sitting under the end of the worm, of which the witness said:

"There was a kind of fluid stuff in the bucket, but I don't know what it was; also fruit jars containing a white-looking stuff."

The witness further said: "I did not taste any of the stuff, but it smelled like whisky."

Two witnesses by the name of Cobb also visited the premises of the appellant. One of them testified that he saw four half-gallon fruit jars and two jugs of whisky. One of the State's witnesses, on direct-examination, gave this testimony:

"When I got over there, I saw a concern there looked sort of like about the shape of a five-gallon oil can, something like that, and I seen four half-gallon fruit jars and I saw a gallon glass jug and a gallon stone jug. This tin apparatus was in the yard when I saw it. These jugs and fruit jars had something in them, I don't know what it was. This stuff in the glass containers looked kind of like water sort of stirred up, sort of smoky looking, other than that it was clear like water. I did not taste or smell it. That in the glass jug looked about the same as the other. I did not see what was in the stone jug. These glass fruit jars were half gallons and they were what you would call full. The glass jug was full up to the neck."

Objection was urged to the receipt of testimony showing that the fluid had the odor of whisky, and in the bill of exceptions on that subject, there are statements to the effect that the objection was based on the fact that part of the fluid in question was in possession of the county attorney at the time of the trial and that the peculiar facts called for the production of the liquid. The bill is so qualified that the point is not before this court except in the shape of a motion to exclude the evidence that the liquid smelled like whisky. That evidence was admissible. See Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534.

The testimony of the officers who searched appellant's premises was not improperly received. Welchek v. State, 93 Texas Crim. Rep., 271.

The fact that the liquid smelled like whisky might not be sufficient standing alone to characterize the liquid as intoxicating. This for the reason that the odor of whisky might be present in a liquid containing less than the prohibited quantity of alcohol, or to a preparation not usable as a beverage at all. In the present case, however, it is conceived that the State does not rely alone on the proof that the article "smelled like whisky." The equipment and the process of manufacture which the evidence reflected, in connection with the odor and manner of production of the liquid, are such as would not warrant this court in declaring as a matter of law that there was not sufficient evidence to support the jury's finding that the appellant was manufacturing intoxicating liquor.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### April 9, 1924.

HAWKINS JUDGE.—In his motion appellant urges the same contention made on original submission that the evidence is not sufficient to show that the liquor being manufactured was intoxicating. We have again examined the statement of facts. Considering all the evidence, we believe our former opinion was correct and that the case was properly decided.

The motion is therefore overruled.

*Overruled.*