Lee Manos v. The State.

No. 8409.   Decided May 28, 1924.

Rehearing denied June 27, 1924.

1.—Possessing Intoxicating Liquor—Constitutional Law—Newspaper.

Where the supposed irregularity did not suggest that it arose from any willful or fraudulent conduct in making the publication in a daily paper of general circulation, it is not regarded as important. The purpose of the Constitution was thereby met and the deviation resulting from the selection of a daily rather than a weekly paper was a substantial compliance with the requirements.

2.—Same—Time of Publication—Constitutional Law—Amendment.

Where the four counties in which the publication was for the requisite time but in which it was not begun as early as contemplated by the constitution, this would not vitiate the election, for the reason that the aggregate votes in the five counties mentioned would not have changed the result, and the same principle would apply to that county in which the publication was for but three weeks, instead of four; besides, the clause of the statute forbidding the possession of intoxicating liquor for the purpose of sale, would, nevertheless, find support in the Eighteenth Amendment to the constitution of the United States. Following: Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

3.—Same—Continuance—Subsequent Application.

Where the subsequent application for continuance was qualified to the effect that of the witnesses, upon the absence of which the application was based, one testified and another present was not used, and the testimony of the absent witnesses was upon a collateral matter, there is no reversible error.

**4.—Same—Accomplice—Detective.**

The theory that the witness Wininger, a detective, operating under the directions of the sheriff, was by his connection with the transaction in question rendered an accomplice witness, cannot be sustained, and, besides, the matter did not need corroboration.

**5.—Same—Intoxicating Character of Liquor.**

The witnesses who declared that they were acquainted with the odor of whisky and that the article in question had that odor were not improperly received. Following: Cathey v. State, 252 S. W. Rep., 534.

**6.—Same—Sufficiency of the Evidence—Requested Charge.**

Where the evidence did not raise the issue of coercion or involuntary action on the part of the appellant, there was no error in refusing a charge thereon, and the evidence being sufficient to sustain the conviction, there is no reversible error.

**7.—Same—Rehearing—Postponement.**

Upon the precedents cited in the original opinion, and the facts revealed by the record, this court is satisfied of its former ruling and the motion for rehearing and for a postponement is overruled.

Appeal from the Criminal District Court of Travis. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Dickens & Dickens,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The conviction is attacked upon the ground that there was such failure to observe the provisions of the Constitution relating to the amendment adopted at an election held on May 24, 1919, as vitiated the election. It is provided in Article 17 of the Constitution that proposed amendments to the Constitution shall be duly published once a week for four weeks, commencing at least three months before the election, in one weekly newspaper of each county in which such a newspaper may be published. The proposed amendment is found in the General Laws of the Thirty-sixth Legislature, p. 337.

We learn from the bills of exception that in all counties of the State except one the proper notice of the election was published once a week for four successive weeks. In one county in which there were

2,831 votes cast, the publication was for only three weeks. In four counties the first publication was made at a time within less than three months before the date of the election. The aggregate votes cast in those counties were 6,500. There are 252 counties in the State, and the majority of votes in favor of the amendment was 19,624. It will be observed that there was an effort to comply with the provisions of the Constitution with reference to the publication of the notice in each of the counties of the State. The record does not suggest that the irregularities mentioned arose from any wilful or fraudulent conduct. The supposed irregularity in making the publication in a daily paper of general circulation is not regarded as important. The purpose of the Constitution was thereby met and the deviation resulting from the selection of a daily rather than a weekly paper was a substantial compliance with the requirement. State v. Alderson, 49 Mont., 387, Amer. & Eng. Ann. Cas., 1916B, 39; Ruling Case Law, Vol. 6, p. 30, secs. 22 and 24; 12 Corpus Juris 694.

The four counties in which the publication was for the requisite time but in which it was not begun as early as contemplated by the Constitution, it is believed would not vitiate the election for the reason that the aggregate votes in the five counties mentioned would not have changed the result. The same principle would apply to that county in which the publication was for but three weeks instead of four, the total votes therein being 2,831, and the majority in favor of the amendment being 19.624. See State v. Winnett, 78 Neb., 379, 10 L. R. A., (N. S.) 149. If in the conclusions stated we should be mistaken, the clause of the statute forbidding the possession of intoxicating liquor for the purpose of sale (Acts of 37 Leg., 2nd Called Sess., Chap. 61), would nevertheless find support in the Eighteenth Amendment to the Constitution of the United States, which reads as follows:

"Sec. 1. . . . the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

See also Rhode Island v. Palmer, 252 U. S., 612; Chandler v. State, U. S. Rep., 67 Law Ed., p. 474; Ex parte Gilmore, 88 Texas Crim. Rep., 529.

The bill complaining of the refusal to continue is qualified to the effect that of the witnesses upon the absence of which the application is based, one testified and another present was not used. The application was a subsequent one. The testimony of those witnesses who did not appear was upon a collateral matter upon which the proof was not controverted.

No brief has been furnished. We have, however, given attention to each of the bills of exception and have found nothing therein which, in the opinion of this court, warrants a reversal of the judgment.

The theory that the witness Wininger, a detective, operating under the directions of the sheriff, was by his connection with the transaction in question rendered an accomplice witness cannot be sustained. His relations to the matter were not materially different from that revealed by the record in other cases. With reference to the law relating to an accomplice witness, the Legislature has declared that in this character of an offense the purchaser, transporter, or possessor of prohibited liquors is not an accomplice witness. Acts of 37th Leg., 2nd Called Sess., Chap. 61, subdivision 2c. It is the general rule that steps taken by one in the employ of officers to get evidence against one who is engaged in the unlawful liquor traffic is not thereby rendered one whose testimony, as a matter of law, requires corroboration. Underhill on Crim. Ev., 3rd Ed., Sec. 125, p. 148, note 20; Lamm v. State, 94 Texas Crim. Rep., 561; Laughlin v. State, No. 7865, not yet reported; Creech v. State, 70 Texas Crim. Rep., 22; Fox v. State, 53 Texas Crim. Rep., 150.

The witnesses who declared that they were acquainted with the odor of whisky and that the article in question had that odor were not improperly received. Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534.

The issues of fact were submitted in a charge against which no exceptions were addressed and in which we have observed no fault.

The defensive theory advanced by the appellant was that he was not in conscious possession of whisky. We have been referred to no evidence, nor do we discern any which would render erroneous the failure of the court to give special charges presenting the theory of coercion or involuntary action on the part of the appellant.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1924.

MORROW, Presiding Judge.—Appellant in his motion for rehearing challenges the soundness of the conclusions reached in the original opinion.

He also requests that action on the motion be passed until the fall term of this court upon the ground that there has not been sufficient time within which to collate and present his views and authorities.

The record in the case was filed in this court on December 22, 1923. It was submitted during the month of May of the current year.

Neither on the original submission nor in the motion for rehearing has the court been referred to any authority in support of the appeal.

Upon the precedents cited in the original opinion, and the facts revealed by the record, we are satisfied as to the correctness of our former ruling.

The motion for rehearing and the motion for postponement is overruled.

*Overruled.*