### A. J. Adams v. The State.

No. 8784.   Delivered May 13, 1925.

**Possessing Intoxicating Liquor—Evidence Held Insufficient.**

Where the testimony of the State shows that whisky was found in a house and some in the yard in which was a woman who said her name was Mrs. Adams, and a man whom witnesses were told was the brother-in-law of defendant, and after the search was completed the defendant whose name was Adams, drove up, but witnesses of their own knowledge did not know who owned or had possession of the house, such testimony is not sufficient to overcome the presumption of innocence and the cause must be reversed.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of unlawful possession of intoxicating liquor, for purposes of sale; penalty, two years in the penitentiary.

The opinion states the case.

*Howth, Adams, O'Fiel & Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was tried and convicted in the 58th District Court of Jefferson County for the offense of unlawful possessing whiskey for the purpose of sale and his punishment assessed at two years confinement in the penitentiary.

In this appeal the appellant attacks the constitutionality of the Dean Law; calls in question the sufficiency of the testimony and raises other questions which are unnecessary for the court to consider at this time.

This court has ruled against the attack made by the appellant relative to the constitutionality of the Dean Law, in the case of Manos v. State, 263 S. W. 310; and in Goforth v. State, 269 S. W. 98.

The State witnesses testified to having found whiskey in the house and some in the yard of the defendant, and they saw in the house a woman who said her name was Mrs. Adams, and a man they were told was the brother-in-law of the defendant, and those parties were in the house during the seach and the finding of the whiskey on the premises in question. After they had completed the search, the defendant drove up; on cross-examination these witnesses testified that of their own knowledge they did not know who owned the house or who had possession of the house, or to whom the whiskey belonged. This was practically and in effect the force of the testimony relied upon by the State for a conviction in this case. The defendant did not take the stand, and produced no testimony upon the trial.

Upon this testimony, the State had as strong or stronger case against the man and woman in the house where the whiskey was found, than it had against the defendant; and after a careful consideration of the entire testimony we are forced to conclude that it is not sufficient to sustain a conviction in this case, and the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court. •