## LANCASTER v. STATE.
### No. 25221.

Court of Criminal Appeals of Texas.
April 4, 1951.

Rehearing Denied May 9, 1951.

Boling, Smith & Allen, by S. P. Boling, Lubbock, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for possessing intoxicating liquor for the purpose of sale, with a fine of $200.

Inspectors of the Liquor Control Board, with local officers, searched the premises at 1905 Avenue F in the City of Lubbock. They found sixteen pints of whisky in a box under the cabinet in the kitchen. Appellant was not present. No question is raised about the legality of the search warrant.

When the officers went to the premises they found a woman and some children in the three room house. After a grueling examination by the defense, Jack Shepherd testified on re-direct examination: "No, sir, I never delivered the person of the defendant to the County Jail, because his wife asked me not to go to his place of business, that she would have him come up—she asked me to call, and I called, and I believe I talked—he identified himself as being Lancaster, and we told him we had been searching his place and found some whiskey, and he said would it be all right if he came to the Courthouse in thirty or forty minutes, and I told him it would, * * * We came on back to the office and didn't go to his place of business, no sir. His wife told us he worked in a garage, and she requested us not to go to his place of business, but to call him instead, that is right, and that is what we did, and the person who identified himself over the telephone said he would come to our office. * * * we did talk to Mr. Lancaster's wife at that address 1905 Avenue F."

In further examination by the court the witness said: "After we got inside and found the whiskey, I asked who lived there and she told me. Yes, sir, she identified herself and the name of her husband."

Objection is made to this evidence as a statement in the absence of the defendant by a third party. We notice, however, that further evidence of the state is to the effect that on the night before the trial an officer went to the same residence, found defendant present, in bed with his wife, that he got up, put on his clothes and was informed that they had a subpoena for Mrs. J. A. Lancaster. The wife, in reply to a question, stated in appellant's presence that she was Mrs. J. A. Lancaster.

Jack Shepherd, being again recalled, testified: "Yes, sir, she told me who she was. She said she was Mrs. Lancaster." This refers to the time when the search was made. Mrs. Lancaster was brought into the court room and identified as the person at the residence who gave her name as Mrs. J. A. Lancaster.

If it should be considered that the statement made to the officers on the original meeting with Mrs. Lancaster should be treated as that of a third party in his absence, there could be no question under the record of this case as to the correctness of the statement. When the summons was presented, the night before the trial, defendant directed them to the same woman as his wife, upon whom they desired to serve a subpoena, and she in his presence made the same statement.

Other officers testified in effect to the same things as contained in Mr. Shepherd's evidence. Defendant offered no evidence in denial.

Appellant contends that the evidence is insufficient and relies chiefly on Shelby v. State, 125 Tex.Cr.R. 582, 69 S.W.2d 82. It is held in that case that the statements of the wife are not admissible. However, there is no proof in that case that she made the assertion subsequently in the presence of the husband, as in the case at bar.

On the question of the sufficiency of the evidence the facts of the two cases are quite at variance. Shelby's two sons resided on the farm, a few miles from town.

Before the search of the premises where the liquor in question was found, they had searched the farm and found the two sons in possession of liquor making equipment and a small amount of liquor. This definitely placed them in position to be under suspicion under the further facts testified to by their mother, in behalf of her husband. She said that while she was in the yard that morning the boys came to the house, with some women, and then left. She did not know whether they brought the liquor in question to the house or not, but denied that she knew at any time that the liquor was there, until the officers made the search. It is also revealed by the record that these boys had informed appellant that they were going to make some liquor and take it to Fort Worth to be sold. He objected to their conduct but they told him that they had to do it to get something to live on.

Under the facts of that case a stronger suspicion was lodged against the two sons than against the father, the appellant. In the instant case it is definitely shown that appellant occupied the house, was in bed with his wife twelve days after the search and again four months thereafter. The wife was shown to be living there with some children on the day of the search and was in possession of information as to where her husband was at that particular time. There is no denial that they were husband and wife then—just as she said. All of the circumstances strongly support the conclusion.

It is specifically contended that there is no proof that this was his residence. The case most nearly in point as favorable is Adams v. State, 100 Tex.Cr.R. 164, 272 S. W. 177, 178. In the Adams case the officers went to the house in the absence of Adams and there saw a woman who said her name was Mrs. Adams, and a man they were told was his brother-in-law. They were present when the whisky was found. Adams came up a few minutes later. This ended the evidence and the opinion states further: "On cross-examination these witnesses testified that of their own knowledge they did not know who owned the house or who had possession of the house, or to whom the whisky belonged. This was practically and in effect the force of the testimony relied upon by the state for a conviction in this case." The evidence was there held to be insufficient.

■■ Without indorsing the conclusion of the court in the Adams case, we think the evidence in the instant case is entirely different. The statement made by the wife —the very woman who was later proven to be his wife—and the finding of appellant in the house at nine o'clock at night in bed with his wife, the inquiry of the officers from him and the fact that he directed them to the same person who had made the statement to the officers, and the further statement by this woman in the presence of the defendant that she was Mrs. J. A. Lancaster furnishes ample evidence for proof that the premises searched, where the whisky was found, belonged to appellant and supports the verdict of guilt.

We find no reversible error and the judgment of the trial court is accordingly affirmed.

On Appellant's Motion for Rehearing

MORRISON, Judge.

Appellant's motion for rehearing seems to be directed entirely to the sufficiency of the evidence to show that the whiskey was in appellant's possession in accordance with the circumstantial evidence rule.

He challenges the conclusions reached in the original opinion herein in many respects.

One conclusion particularly attacked was that appellant was in charge of the premises in question because he was some time after the search found in bed in the same house with the woman, also in bed, who had represented herself to be his wife at the time of the search. Appellant states that it would be only natural for said woman to claim to have been married to appellant when found in such a compromising position. It will be noted, however, that the officer testified: "She was in bed on that occasion. He got up and put his trousers on, and I asked for Mrs. Lancaster, and asked her, personally, if she was Mrs. J. A. Lancaster, and she said she was."

We feel that we were justified in concluding from the above that it was appellant who pointed her out to the officer as being his wife.

We further believe that evidence of the telephone conversation by officers with appellant, at the time of the search, standing uncontradicted before us, was of considerable probative force in showing appellant's possession of the premises in question.

We have again reviewed the record in the light of appellant's able brief and find no reversible error. Accordingly, the appellant's motion for rehearing is overruled.