CARLETON, CLARK & CO., v. MARTHA BALDWIN, EXECUTRIX,
AND OTHERS.

A letter written to one of his creditors by the assignor of a deed of assignment, for the benefit of his creditors generally, subsequent to the execution of the deed, and after he has parted with the control of the property, is inadmissible in evidence, as against the assignee, to impeach the validity of the deed in a contest between the assignee and such creditor for the right to the property so assigned.

The declarations of the assignor, under such circumstances, as against the assignee, are mere hearsay testimony. Though the declarations of an assignor are often used for the purpose of proving fraud, yet they are admissible only when the assignor has remained in possession, or in the exercise of some agency or trust in connexion with the property.

After the assignor has parted with the entire management and control of the property, his declarations or admissions cannot be used to impeach the deed, or to affect the title of the grantees.

APPEAL from Calhoun. Tried below before the Hon. Fielding Jones.

This case was formerly before the Supreme Court on appeal, reversed and remanded, and reported in 22d Texas Reports, 724.

The cause was again tried in the court below. There was a verdict and judgment in favor of the claimants, and the plaintiffs prosecuted their appeal.

The letter referred to in the opinion delivered on the second appeal, is fully set out in the reported case. On the second trial in the court below, the plaintiffs offered to read in evidence this letter, to the reading of which the defendant objected, upon the ground that, "upon the execution of the deed of assignment and delivery of the property to the assignee, the title vested; and this letter, being the declarations of the vendor, of which Baldwin knew nothing, could not affect the title vested by the deed of assignment." The objections were overruled, and the defendant excepted. The other facts are fully stated in this case, as reported, and in the case of Baldwin v. Peet, 22 Tex. R., 708, in which the validity of the same deed of assignment was involved.

Carleton v. Baldwin.

*Stockdale & Proctor*, for the appellants.

*D. E. Crossland*, for the appellees.

MOORE, J.—This is the second time that this case has been brought before this court, by appeal, by Carleton, Clark & Co., the plaintiffs in the court below. On the former appeal, the judgment was reversed, because the verdict was contrary to the evidence. (22 Tex. R., 724.) The testimony before the jury upon the second trial of the case in the District Court, was, in every respect, identical with that upon which the first verdict was rendered. The only difference between the case as it is now presented, and on the first appeal, is, that the letter from Louis E. Salles, the grantor in the deed under which the appellees claim, was, on the first trial, read as evidence without objection, but on the last trial its admissibility as evidence against them was objected to by the appellees, and it was permitted by the court to go to the jury over their objection. This ruling of the court below, we think, was erroneous. This letter, if legitimate evidence in the case, tends unquestionably, as was heretofore held by this court, strongly to invalidate the assignment under which the appellees claim. But it was written long after the assignment, and after Salles had parted with the possession and control of the property; and as to the appellees, it can be regarded in no better light than hearsay testimony. The declarations of the grantor are, no doubt, often used for the purpose of showing fraud; but this is where he has remained in possession, or in the exercise of some agency or trust in connection with the property. After he has parted with the entire management and control of the property, he has never been permitted to impeach his deed, or to affect the title of his grantees by his mere declarations or admissions.

As this letter was improperly permitted to go to the jury, the appellants can claim no benefit from it; and if the verdict of the jury could be sustained upon the other evidence that was before them, the judgment might be affirmed. But we are of the opinion that this cannot be done. This letter was only one among several other circumstances which were shown by the court in its

former opinion to be badges of fraud, or which, in other words, were *prima facie* evidence of fraud. They were unquestionably, as the court held, subject to explanation; but unless rebutted or explained, they were to be regarded as sufficient to invalidate the deed in favor of creditors. They were permitted to go to the jury without any effort to remove the inference to which they give rise. The verdict must then be said to be unsupported by, and contrary to the evidence, and a new trial should have been granted by the court.

The judgment is reversed and the cause remanded.

Reversed and remanded.