MARRETT v. HERRINGTON.

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1912.)

1. EXECUTION (§ 194*) — CLAIMS OF THIRD PERSONS—BURDEN OF PROOF.

A plaintiff in a trial of right of property under issues made under Sayles' Ann. Civ. St. 1897, art. 5297, involving property levied on under a judgment for plaintiff and claimed by a third person, has, under article 5302, the burden of proving title in the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 571-574; Dec. Dig. § 194.*]

**2. TRIAL (§ 296*)—ERRONEOUS INSTRUCTIONS —ERROR CURED BY OTHER INSTRUCTIONS.**

The error in a charge placing the burden of proof on the wrong party is not cured by a subsequent charge placing the burden on the proper party, but without referring to the former charge, and without seeking to correct the error therein.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–718; Dec. Dig. § 296.*]

**3. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION—REQUISITES.**

The court, in construing instructions, must consider them as a whole, and a part of the charge may be looked to for the purpose of correcting or explaining another part; but the rule does not apply where instructions are irreconcilable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

**4. EVIDENCE (§ 317*)—HEARSAY EVIDENCE— DECLARATIONS OF OWNERSHIP.**

Statements by a judgment debtor as to his ownership of property levied on by the judgment creditor and claimed by a third person by purchase prior to the levy, made in the absence of a third person, are not binding on the third person, in the absence of evidence authorizing the statements or knowledge thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

**5. EVIDENCE (§ 317*) — HEARSAY — ACTS OF THIRD PERSONS.**

On the issue whether property levied on by an execution creditor belonged to the judgment debtor or to a third person, claiming ownership of the property by purchase prior to the levy, evidence of a transaction between the execution creditor and the judgment debtor, subsequent to the levy, in the absence of the third person and not involving the third person, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 317.*]

**6. EVIDENCE (§ 158*) — PAROL EVIDENCE — OWNERSHIP OF PROPERTY.**

Where a third person claimed ownership of property levied on by a judgment creditor as the property of the judgment debtor, and a bill of sale of the property, conveying it to the third person prior to the levy, was introduced in evidence by the third person, parol evidence of the third person as to his ownership of the property, the manner of acquiring the same, and the possession and use thereof was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 471–526; Dec. Dig. § 158.*]

**7. SALES (§ 215*)—BILL OF SALE—NECESSITY.**

Personal property is subject to transfer by mere delivery without a bill of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 574–579; Dec. Dig. § 215.*]

Appeal from District Court, Mitchell County.

Action by A. J. Herrington against Mrs. C. H. Marrett to determine right of property. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Crockett & Brewer, for appellant. L. W. Sandusky, for appellee.

McKENZIE, J. This is a suit for trial of right of property. The issues were made between the parties as required by article 5297 of the Revised Civil Statutes. The appellee, who was plaintiff below, caused execution to be levied upon an automobile as the property of one Roy Neblett. Appellant, who was defendant below, made affidavit and bond, as required by statute, and recovered possession of the property. The automobile was taken by the sheriff, who levied the execution, from the possession of the appellant. The appellant is a feme sole.

[1-3] The first paragraph of the charge of the court placed the burden of proof upon the defendant. This was error. Article 5302 of the Revised Civil Statutes provides that "in all cases arising under this title, if the property was taken from the possession of the claimant, the burden of proof shall be upon the plaintiff." The court, in a subsequent paragraph, charged that the burden of proof was upon the plaintiff to show by a preponderance of the evidence that the property was Roy Neblett's, "and if the plaintiff has failed to do so you will find for Mrs. C. H. Marrett." We do not think that this subsequent charge, placing the burden of proof upon the plaintiff, cures the error. The latter instruction is in conflict with the former, in that in the first paragraph the jury is told that the burden is upon the defendant, and in the subsequent paragraph they are told that the burden is upon the plaintiff. The subsequent paragraph does not refer to the first; nor does it seek to correct the error. The general rule which is applicable in construing instructions given by a trial court to the jury is that the charge of the court should be taken and construed as a whole; one part of the charge may be looked to for the purpose of correcting, qualifying, or explaining some other part. But we do not think that this rule applies where the instruction was so contradictory as to be wholly irreconcilable. The charge in the instant case was calculated to confuse the jury, and to leave them to follow either of the contradictory instructions as their personal wishes or private feelings may dictate. Baker v. Ashe, 80 Tex. 356, 16 S. W. 36; Gonzales et al. v. Adoue & Lobit, 94 Tex. 120, 58 S. W. 951. We therefore sustain appellant's first assignment of error.

[4] Appellant's second assignment of error complains of the court's action in permitting plaintiff to testify in his own behalf, as follows: "I asked Neblett if he wanted us to pull his machine over to the garage, and he said he did. I asked him if it was his machine, and he said it was." These statements were made when the defendant was not present. The evidence was objected to, first, because it was hearsay testimony; and, second, because the statements as made by Neblett as to his ownership of the automobile could not bind the defendant when she was not present. We think it is clear that under the decisions the testimony was hearsay, and was not binding upon the appellant. There was no evidence that Mrs.

Marrett authorized the statements attributed to Neblett; nor that she had any knowledge of said statements. She claimed ownership of the automobile by purchase made prior to the levy, and at the time of the levy she was in possession and control of said machine. We hold that it was error for the court to admit the evidence. Hinson v. Walker & Co., 65 Tex. 103; McClure v. Heirs of G. W. Sheek, 68 Tex. 426, 4 S. W. 552; Rankin et al. v. Bell, 85 Tex. 28, 19 S. W. 874; Slocum v. Putnam, 25 S. W. 52; Smith v. M. & P. National Bank, 40 S. W. 1038; Tucker v. Hamlin, 60 Tex. 171; Fox v. Willis, 60 Tex. 373; Carlton Clark & Co. v. Baldwin et al., 27 Tex. 572.

[5] We also hold that the court erred in permitting the plaintiff to testify in his own behalf as to certain transactions which he claims to have had with Roy Neblett pertaining to the purchase of a bucket of grease. The transaction took place several days after the levy of the execution upon the automobile, and after the appellant had acquired possession of the property under the affidavit and her claimant's bond. The transaction does not in any manner involve the appellant, nor does it appear that the appellant was present; and we hold that the testimony was immaterial and irrelevant. We therefore sustain the third assignment of error, which complains of the action of the court in admitting the testimony.

[6, 7] Appellant's fourth, fifth, sixth, and seventh assignments of error, in substance, complain of the action of the court in excluding the testimony of the appellant in her own behalf as to her ownership of the automobile, the manner of acquiring same, and the possession and use she had made of the same since the time when she acquired it. The court, upon objections made by plaintiff to the above testimony, excluded it from the jury, and by his ruling limited the appellant, in making proof of the ownership of the automobile and the possession thereof, to the bill of sale. This, we think, was error. The bill of sale, which was introduced in evidence, shows that one J. W. Pascal conveyed the automobile to the appellant May 30, 1910; the levy of the execution was made July 1, 1910. The evidence which was offered by the appellant, which the court ruled was inadmissible, does not vary, impeach, or in any manner contradict the terms of the bill of sale. It seeks only to give a history of the transaction, explaining appellant's purchase, her possession since purchase, and the uses she has made of the automobile, which, we think, is material to show ownership at the time of the levy of the execution. These are material facts to be established in appellant's behalf as a defense, and her testimony of ownership, possession, and use is certainly the best way to establish these facts. The very nature of the cause of action brings the ownership of

the automobile in question, and it would appear that all matters which support such issue, when tendered as proper evidence, should be admissible. The automobile, being personal property, is subject to transfer or conveyance by mere delivery, without the necessity of a bill of sale, and proof of ownership could be made independent of the bill of sale. The testimony offered was admissible, also, in support of the bona fides of appellant's ownership of the automobile. We sustain the assignment of error.

In view of a reversal of the case, we deem it unnecessary to consider the appellant's other assignments of error, as the matters complained of are not likely to occur upon another trial.

For the reasons assigned, the judgment of the court below is reversed, and the case remanded.