## HENRY COOK v. THE STATE.

### No. 7451.  Decided November 28, 1923.

Rehearing denied March 5, 1924.

1.—Keeping Premises for Storing Intoxicating Liquor—Evidence—Conveyance.

Where, upon trial of keeping premises for storing, etc., intoxicating liquor, the indictment described the place with unnecessary particularly the statement of the witness that he conveyed the land without exhibiting a deed was under the facts of the instant case permissible.

2.—Same—Collateral Issue—Parol Evdence.

It must be conceded that whether Carroll conveyed the land to Barton as applied in the instant case was purely a collateral issue to that involved in the charge against defendant, and parol evidence that the contents of writing when same are only collateral is admissible, regardless of the fact that the writing relates to the conveyance of real estate, and so also possession or control may be proved by parol evidence, there is no reversible error.

3.—Same—Evidence—Smelling Liquor.

Careful scrutiny of the entire record makes clear the fact that appellant through his witnesses denied any knowledge of or connection with the liquor in question and nobody denied that the liquid was whisky, there was no error in permitting the jury to examine and smell a jar of liquor which the State introduced in evidence.  Distinguishing Parker v. State, 75 S. W. Rep., 31; Dane v. State, 35 S. W. Rep., 661.

4.—Same—Indictment—Allegation—Proof.

Appellant insists that the allegation that the premises belonged to Lee Barton was not sustained by proof, but this allegation was not legally essential to the sufficiency of the indictment and could be rejected as surplusage; besides, the premises having been referred to by a number of witnesses as the Lee Barton place and there being no controversy about this the proof is sufficient.

5.—Same—Rehearing—Indictment—Proof—Description of Premises.

Where appellant contended that the indictment having charged that the premises were commonly known as the Maynard Place, belonging to one Lee Barton, there was a failure of proof of such description and, therefore, a lack of evidence to support the conviction, but the place being referred to by a number of witnesses, both for the State and the defense as the Maynard and Lee Barton place, there is no reversible error.

Appeal from the District Court of Burnet.  Tried below before the Honorable J. H. McLean.

Appeal from a conviction of storing intoxicating liquor contrary to law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will T. Bagby,* and *J. F. Murray,* for appellant.—Cited cases in opinion.

R. G. *Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—The indictment herein contained various counts and the conviction was not under the count charging manufacture of liquor, as stated in our former opinion, but was under the third count charging the keeping of premises, building, room, etc., for the purpose of storing, etc., intoxicating liquor, same being the offense described in Sec. 32 of what is known as the Dean Law, Acts Regular Session Thirty-sixth Legislature, p. 228, and the former opinion is withdrawn and this handed down as our original opinion.

Appellant vigorously assails the action of the trial court in admitting oral testimony in regard to the conveyance of the premises in question from Carroll to Barton. Examination of the indictment discloses that the permises were described therein as follows: "Certain premises, building, room and place, situated in the County of Burnet and State of Texas, commonly known as the Maynard place, and belonging to one Lee Barton and being the same property conveyed to the said Lee Barton by one W. J. Carroll, being about 5 miles east of the town of Burnet, which said premises, building, room and place the said Henry Cook did then and there occupy and reside on with his family," etc. Proof was made of the fact that appellant lived on the place with his family; that it was commonly known as the Maynard place, and the testimony of a number of witnesses refer to same as the Lee Barton place, and also that it was about five miles east of Burnet in Burnet County. The indictment would have met the demands of the statute if it had alleged that appellant occupied certain premises, building, room and place in Burnet County, Texas, for the forbidden purpose. The other descriptives were not essential to the validity of the indictment. The State placed Mr. Carroll on the stand and he said that he had owned this property and had traded it to Barton. The district attorney asked him if he conveyed it to Barton and he was permitted to say that he had. Appellant objected to this and as part of the predicate for his objection was permitted to draw out of the witnesses that he had made a deed in writing, executed before a notary public, which he delivered to Barton. Waiving discussion of whether the descriptives placed in the indictment need to be proved in a case such as this, we do not believe the statement of the witness that he conveyed the land to Barton transgresses any rule requiring the best evidence, or any branch of that general rule relating to conveyances of real estate. Carroll could testify that he had made a deed to Barton and delivered same to

him, or its equivalent,—that he conveyed the land to Barton. In Arnold v. Attaway, 35 S. W. Rep., 482, the Court of Civil Appeals held that the issue being whether certain conveyances were made and delivered, this fact might be proven by parol testimony. A writ of error was refused by the Supreme Court. It must be conceded that whether Carroll conveyed the land to Barton as applied to the instant case, was purely a collateral issue to that involved in the charge against appellant. The books are full of cases holding that parol evidence of the contents of writings when same are only collaterally material, is admissible,—and this regardless of the fact that the writing relates to the conveyance of real estate. Dooly v. McEwing, 8 Texas, 306; Harvey v. Edens, 69 Texas, 420; Howard v. Britton, 71 Texas, 286; Cox v. Rust, 29 S. W. Rep., 807; Parker v. Chancellor, 78 Texas, 524; Holman v. Patterson, 78 S. W. Rep., 989; Heidenheimer v. Beer, 155 S. W. Rep., 352; Dalhart Agency v. Le Master, 132 S. W. Rep., 860. See also Ellis v. Lewis, 81 S. W. Rep., 1034; Wolf v. Wilhelm, 146 S. W. Rep., 216; Pecos Ry. Co. v. Cox, 150 S. W. Rep., 265. So also when the only question involved is as to ownership, possession or control, parol evidence of the contents of a writing is admissible. Marrett v. Herrington, 145 S. W. Rep., 254; Wetzel v. Satterwhite, 125 S. W. Rep., 93; I. & G. N. Ry. Co. v. Hall, 81 S. W. Rep., 82; Pacific Express Co. v. Dunn, 81 Texas, 85.

Appellant cites us to page 256, Branch's Annotated P. C., for authorities. Many authorities are here cited as sustaining the proposition that words or allegations not descriptive of what is legally essential to the validity of the indictment, may be rejected as surplusage, and attention is called to the fact that when a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity, the circumstances of description must be proved as alleged. This in no way controverts what we have just held.

Complaint is made in bill of exceptions No. 5 presenting appellant's objection to the jury being permitted to examine and smell a jar of liquor which the State introduced in evidence. The record discloses that the sheriff of the county, Mr. Crittenden, had just identified the said jar along with other articles as having been obtained by him and a deputy, in an outhouse near the residence of appellant, and witness had testified that the contents of the jar was whisky. The deputy who accompanied the sheriff also testified that in an old house about one hundred yards from the residence of appellant and on the premises occupied by appellant and his family, they had found a still in operation, a fire burning under a boiler and whisky dripping out of the worm into a stone jar, and that several receptacles in the room contained whisky and that the officers brought same with them back to town. Careful scrutiny of the entire record makes clear

the fact that appellant through his witnesses denied any knowledge of or connection with the liquor in question or the apparatus used for its manufacture. No witness was introduced who asserted or claimed in any way that the liquor found by the officers and introduced in evidence and smelled by the jury, was not whisky. Appellant cites in support of this contention Dane v. State, 35 S. W. Rep., 661, and Parker v. State, 75 S. W. Rep., 31. In the Dane case the learned judge writing for this court in his opinion intimates that if appellant desired a review of the action of the court below in permitting in evidence a bottle of alleged intoxicating liquor and the tasting and smelling of same by the jury, that appellant should have presented some facts in the record showing the effect upon the members of the jury of such tasting, etc. However in both of the cases just mentioned there was a sharp issue made in the testimony as to the intoxicating quality of the liquor. In Lerma v. State, 194 S. W. Rep., 167, discussing a complaint that the jury had smelled the liquor offered in evidence, the present Presiding Judge of this court in the opinion in that case, after reviewing the Dane and Parker cases, supra, and also Thompson v. State, 72 Texas Crim. Rep. 6, held that the defense resting upon a denial of the sale of the liquor in question or any connection with it, and there being no controversy in evidence as to the fact that if such sale was made the liquor was whisky, there was no harmful error in the jury having been permitted to smell said liquor. The principle involved in the Lerma case is exactly analogous to that in the case before use and we think the rule there announced is sound.

Appellant insists that the allegation that the premises belonged to Lee Barton, was not sustained by proof. As already observed by us, this allegation was not legally essential to the sufficiency of the indictment, and, therefore, might have been rejected as surplusage, but said premises having been referred to by a number of witnesses both for the State and defense as the Lee Barton place, and there being no suggestion of any controversy of this fact coming from any witness, we would think the proof of this allegation sufficient.

Being unable to agree to the soundness of any of the contentions made by appellant, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

March 5, 1924.

LATTIMORE, Judge.—Appellant contends that the indictment having charged that the premises were "commonly known as the Maynard place, belonging to one Lee Barton," there was a failure of proof of such descriptives and therefore a lack of evidence to support

the conviction. He does not contend that such allegations were primarily necessary, but merely that since they were written into the indictment they must be proved. We said in our former opinion that there was proof that the premises in question were commonly called the Maynard place. Mr. Carroll testified on the trial that he had owned the place commonly called the Maynard place about five miles east of Burnet and that he traded it to Lee Barton,—made him a deed to it. A number of witnesses in their testimony called the premises, the Lee Barton place. Appellant's wife swore that she lived on the "Barton place." Sheriff Crittenden testified that he knew said place as the Maynard place but it "was the Barton place at that time," referring to the time of the arrest herein. We thus have a case in which under the proof title vested in Barton and thereafter up to and including the time of the trial the premises were called the Lee Barton place. There is no suggestion in the record that the property had changed hands since its acquisition by Mr. Barton. In Rice v. Railway Co., 87 Texas, 93, Judge Gaines, speaking for our Supreme Court, said in reference to a land title: "A state of things once shown to exist is ordinarily presumed to continue, in the absence of proof to the contrary.

The gist of the offense for which appellant was on trial is that premises under his control and management were occupied by him and used for the purpose of storing, manufacturing, etc., intoxicating liquor. That such was the fact and abundantly shown by the proof, is manifest in this record. We think the proof of the descriptives mentioned was ample.

Appellant's motion for rehearing will be overruled.

*Overruled.*