## Sonny Reid v. The State.

No. 8854.   Delivered April 29, 1925.

**1.—Transporting Intoxicating Liquor—Improper Practice—Submitting Whisky to Jury.**

It is improper for the trial court to permit the district attorney in the trial of a liquor case to pass around to the members of the jury a part of the liquor involved, and have them smell it. This procedure has often been criticised, and the reason for its continued repetition is difficult to comprehend. See Lerma v. State, 194 S. W. 167, Cook v. State, 258 S. W. 1058.

**2.—Same—Evidence—Erroneously Excluded.**

The exclusion of the testimony of Matilda Reid to the effect that Leonard Barrett had requested the appellant, and Dewey Hollis to go with him, was error. This testimony was corroborative of appellant's claim that he was merely riding in the automobile containing the whisky, with no interest in, or connection with its transportation, and also tended against the State's theory that appellant was a principal.

**3.—Same—Evidence—Common Prostitute—Incompetent to Prove.**

Where a woman is a witness in a case, it has been *held* by a long and unbroken line of decisions by this court, that it is not permissible to attack her credibility by showing that she is a common prostitute. Following Steele v. State, 94 Tex. C. R. 345, Chase v. State, 261 S. W. 575.

**4.—Same—Charge of Court—Issues Not Raised—Error to Submit.**

The charge of the court should be limited to the law on the issues raised by the evidence, and where on a trial for transporting intoxicating liquor there was no evidence by appellant that the transportation was for a purpose exempted under the statute, it was error to submit the law governing such transportation in the court's charge.

**5.—Same—Principals—Converse—Should be Charged.**

Where appellant is on trial as a principal for aiding, abetting, etc., one who actually commits the offense, and the law of principals is given in charge the converse should also be given, that the mere presence of appellant would not make him guilty, unless he had, by words or acts aided or encouraged such other person in the commission of the offense. Following Newton v. State, 267 S. W. 272 and other cases cited.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Adams & Moore*, of Nacogdoches, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

According to the State's testimony, Leonard Barrett, Dewey Hollis and the appellant were apprehended while riding in an automobile upon a public highway in which automobile there were found several gallons of whiskey. It was contained in one-gallon jugs and was setting in the car between the front and rear seats. Barrett was driving the car. Appellant and Hollis were siding in the rear seat.

According to the appellant, while he was at home Barrett came and said that he was thinking of making a trip out on the road and would like to have some company. He invited the appellant to go with him. Dewey Hollis joined the party upon the invitation of the appellant. The car was driven out in the country some distance from the city. After reaching a certain point it was stopped and a number of gallon jugs were put into the car. Appellant said he believed that the jugs contained whiskey, though he did not know their contents, and was without previous knowledge or information that Barrett intended to put liquor in the car. He testified that he did not want to walk back in the night, and concluded to ride in Barrett's car and take chances of encountering officers.

It was improper for the court to permit the district attorney to pass around to the members of the jury a part of the liquor that was involved and have them smell it. This procedure has often been criticized, and the reason for its continued repetition is difficult to comprehend. If the information gotten by this experiment could be appropriated by them to any controverted question, the conviction would be jeopardized. If, as in the present case, it could not by appropriated by them to any controverted question, the contion that there were several jugs of whiskey in the car in which the appellant was riding. The fact that the jury were called upon to smell the whiskey, while useless and improper as stated above, cannot under the circumstances be regarded as harmful. See Lerma v. State, 194 S. W. Rep. 167; Cook v. State, 258 S. W. Rep. 1058.

The exclusion of the proffered testimony of Matilda Reid to the effect that Leonard Barrett had requested the appellant and Dewey Hollis to go with him, stating that he needed some one to help push the car out of the bad places and would not be gone for more than an hour was, we think, improper. It tended to illustrate the intent of the appellant and to support his testimony to the effect that he accompanied Barrett without knowledge that he was going on an unlawful mission. It also tended against the State's theory that the appellant was a principal.

The complaint that the witness, Annie Sanders, was asked if she did not pay a fine for being a common prostitute was properly over-

ruled. Steele v. State, 94 Texas Crim. Rep. 345; Chase v. State, 261 S. W. Rep. 575.

In one of the paragraphs of the court's charge are found these words:

"You are charged that should the State show that a party transported intoxicating liquor, the burden is upon such party so transporting to show that such intoxicating liquor was transported for either medicinal, mechanical, scientific or sacramental purposes."

The applicability of this part of the charge is not perceived. No evidence suggesting that the whiskey was transported for either of the purposes named in the charge was before the court. The charge was, in our opinion, not only uncalled for, by the evidence, but was calculated to divert the minds of the jury from the real issue in the case and lead them to infer that a conviction was proper if there was no evidence introduced showing that the liquor was transported for one of the permitted purposes. See Jones v. State, 257 S. W. Rep. 896; Deshazo v. State, 262 S. W. Rep. 764; Johnson v. State, 266 S. W. Rep. 155.

In connection with the law of principals, the converse should have been given, namely, that the mere presence of the appellant would not make him guilty, but that if the whiskey was owned by Barrett and was under his control, and that if appellant owned no interest in it, exercised no control over it, and had no physical possession of it, he would not be guilty, unless he had agreed to transport the whiskey, or by his acts or words, aided or encouraged its transportation. Newton v. State, 267 S. W. Rep. 272; Richardson v. State, 89 Texas Crim. Rep. 17; Branch's Ann. P. C., Sec. 680.

The court properly refused to charge on circumstantial evidence.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*