## ROBERT TRAVIS HANCOCK V. STATE.

No. 25,254. March 28, 1951.
Rehearing Denied May 9, 1951.

Hon. Emzy Pieratt, Judge Presiding.

*Burks & McNeil,* by *Burton S. Burks,* Lubbock for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

For the driving, while intoxicated, of a truck upon a public highway, about two o'clock, a. m., appellant has been convicted, with punishment assessed at a fine of $50.

Strain, a weights and measures inspector of the Department of Public Safety, had stopped two trucks on a public highway and was engaged in checking to see if they were overweight when the truck appellant was driving approached. Strain signalled appellant to stop and asked to see the registration papers on the truck. After appellant had gotten out of the truck, it was discovered that he was drunk and under the influence of intoxicating liquor. Strain then placed him under arrest and delivered him into custody of the sheriff.

It is contended that Strain was without authority to arrest appellant without a warrant and under the circumstances mentioned, and that the testimony as to appellant's intoxicated condition was therefore inadmissible. The trial court in approving the bill of exception makes the following certificate of fact:

"The sole question presented by this bill is whether or not evidence obtained by an inspector of the License and Weights Department of the Department of Public Safety, as hereinafter set out, was lawfully obtained and, therefore, admissible in a prosecution for driving an automobile upon a public highway while intoxicated, where the inspector, without having reason to believe that the gross weight of the loaded vehicle being driven by the defendant was unlawful, without previous information that the defendant, driver of the truck in question, had violated the law, and without having noticed anything unusual concerning the driver of the truck or the manner in which the truck was being operated, caused the defendant driver of the truck to stop and submit to an "inspection.' "

We note in connection with the certificate just quoted that the witness Strain testified that "At the time I observed this truck approaching, it was loaded." The witness did not, as is stated in the certificate, testify that he had any reason to believe that the gross weight of the loaded truck exceeded that authorized by law, or that he observed anything in the operator of the truck that was unusual.

In the light of the record as here presented, the question narrows itself to the right of the witness to stop the truck for in-

spection, irrespective of whether or not at the time he had reason to believe that it was overloaded.

Art. 827a, Sec. 6, Vernon's P. C., reads as follows:

"Any license and weight inspector of the Department of Public Safety, any highway patrolman or any sheriff or his duly authorized deputy having reason to believe that the gross weight of a loaded vehicle is unlawful is authorized to weigh the same by means of portable or stationary scales furnished or established by the Department of Public Safety, or cause the same to be weighed by any public weigher, and to require that such vehicle be driven to the nearest available scales in the direction of destination, for the purpose of weighing. In the event the gross weight of any such vehicle be found to exceed the maximum gross weight authorized by law, such license and weight inspector, highway patrolman, sheriff, or his duly authorized deputy shall demand and require the operator or owner thereof to unload such portion of the load as may be necessary to decrease the gross weight of such vehicle to the maximum gross weight authorized by law. Provided, however, that if such load consists of livestock, perishable merchandise, or merchandise that may be damaged or destroyed by the weather, then such operator shall be permitted to proceed to the nearest practical unloading point in the direction of destination before discharging said excess cargo. The officers named herein are the only officers authorized to enforce the provisions of this Act."

The right to operate, over the public highways of this state, a commercial motor vehicle—that is, a truck, is not absolute, but dependent upon the will of the legislature, as expressed and limited by the statutes of this state. The legislature has limited the weight of the load that may be transported by such a vehicle, and has provided a penalty for a violation thereof. Art. 827a, Secs. 5 and 9, of Vernon's P. C.

Provision has been made for inspection of such vehicles as to load weight by Art. 827a, Sec. 6, above quoted.

The limitations imposed by the statutes mentioned are conditions precedent to the right to operate the truck. So long as a truck is loaded or has that appearance, there exists the possibility that it is overloaded. In any event, a loaded truck being operated over the highways of this state is subject to inspection to ascertain the weight of the load, which determines whether it is overloaded.

It is apparent, therefore, that in the instant case the inspector, seeing that the truck was loaded, had the right and authority to stop the truck for weight inspection. Appellant's intoxicated condition having been discovered as incident to the lawful stopping of the truck by the inspector, proof of such fact was admissible.

There being no testimony expressly denying that appellant was intoxicated, we are unable to perceive any error in the state making proof of the fact that in the cab of the truck there was found a bottle containing a few drops of intoxicating liquor.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant contends in his motion for rehearing that we were in error in holding that the license and weights inspector for the Department of Public Safety had a right to stop and inspect the truck of the appellant while same was traveling upon a public highway in this state.

In the first place, we reiterate the fact that this appellant was operating under a license only, and as quoted in our original opinion, the officer observed the truck of the appellant which was loaded at the time. Undoubtedly he could not ascertain whether or not the same was overloaded by merely looking at the same, but he had a right under the statute to see whether or not the same was overloaded. Therefore, he was within the contemplation of the statute when he stopped the truck upon the highway in order to ascertain its condition. An overloaded truck had no license nor right upon the public highway. The only method by which he could ascertain whether or not the same was overloaded was to stop it and see. We think the law provides for such contingencies.

It is again complained in the motion for rehearing that we misconstrued appellant's objection to the fact that a bottle of liquor was found in the cab of this truck, approximately empty, and that eventually the jury smelled the same. It is therefore contended that the members of the jury were made witnesses in

this case as to whether or not the small amount of liquor still remaining in the bottle was of an intoxicating character.

It was shown by the statement of facts that the bottle was introduced in evidence before the jury. They could see the same, and the question of its intoxicating character was not an issue for the jury. He was not charged with transporting intoxicating liquor. It was merely a circumstance to show that there was a bottle of some kind found in the bottom of the cab, and that some of the jurors finally smelled, as well as looked at, the bottle introduced in evidence.

We find practically the same situation presented in the case of Smith v. State, 152 Tex. Cr. R. 399, 214 S.W. (2d) 471, in which Judge Beauchamp held that where the question of the intoxicating character of the liquid was not in issue and the jury were not called upon to determine such fact, it has been uniformerly held that no harm is done to the accused by an inspection of the liquid by the jury. In that case, a quotation is found from Reid v. State, 100 Tex. Cr. R. 512, 271 S.W. 625, by Judge Morrow, as follows:

"It was improper for the court to permit the district attorney to pass around to the members of the jury a part of the liquor that was involved and have them smell it. This procedure has often been criticized, and the reason for its continued repetition is difficult to comprehend. If the information gotten by this experiment could be appropriated by them to any controverted question, the conviction would be jeopardized. If, as in the present case, it could not be appropriated, it would seem a useless act. There seems no question that there were several jugs of whisky in the car in which the appellant was riding. The fact that the jury were called upon to smell the whisky, while useless and improper as stated above, cannot under the circumstances be regarded as harmful. See Lerma v. State, 81 Tex. Cr. R. 109, 194 S.W. 167; Cook v. State, 96 Tex. Cr. R. 586, 258 S.W. 1058."

As said in the opinion just above quoted, a different question might arise if the proposition of the intoxicating quality of the liquid had been a matter at issue before the jury.

We think this matter has been properly disposed of in the original opinion.

The motion for rehearing will be overruled.