WILLIE D. ADAIR V. STATE.

No. 25707. February 20, 1952.

Hon. Walter S. Pope, Jr., Judge Presiding.

*Reid & Reid*, by *J. W. Reid*, Abilene, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted for the sale of beer with an allegation of a former conviction for a similar offense and was assessed a fine of $1,000.00 and 120 days in jail.

The evidence in the case is quite in conflict. C. E. Hahn, an agent of the Texas Liquor Control Board, testified that he purchased six bottles of Pearl Beer from appellant on the 21st day of July, 1951, at 11:30 in the morning. The bottles were exhibited to the jury and Hahn testified as to the contents as follows: "I have tasted beer before and I have drunk beer before I was a member of the liquor control board, and I have drunk beer since, and I know the taste of beer when I taste it, and this is beer here in this bottle, that I am tasting."

He was cross-examined and declined to say whether or not the beer had more than 4.1% alcohol but did affirm that it had more than ½ of 1% and that it was beer. He identified appellant in the court room as the person from whom he purchased it. The labels on the bottles were introduced in evidence over objection of appellant.

Leon Bowman testified, on behalf of the state, that the bottles introduced in evidence were the same as those delivered to him by Hahn, that they had been in his possession since the time of the purchase. He said further: "I have tasted beer, I know the taste of beer when I taste it, and I would say this is beer."

The former conviction, as alleged in the complaint and information, was proven and appellant was identified as the person so convicted.

The defense produced a witness who claimed to have leased from the appellant the premises where the sale was made and

this witness said he was serving a term in jail for the sale of liquor. He made the claim that appellant did not have access to the premises and had nothing to do with it. He said appellant's brother, who favored appellant very much, worked for him and this raised the issue that he was probably the person who made the sale. Appellant's sister gave similar testimony and claimed that her other brother was away working at some place unknown to her. Appellant's wife also testified in his behalf seeking to raise the issue that the officer was mistaken in the party and that appellant's brother must have been the one who made the sale. The jury passed on this issue contrary to appellant's theory.

Appellant presents seven bills of exception upon which he seeks a reversal. Bills of Exception 1 and 2 make the contention that the evidence is insufficient to show that the bottles contained beer. We see no substantial ground for this. The officers testifying showed themselves qualified and their evidence was positive. It is noted that they did not know the alcoholic content of the beer. That proof is not necessary to qualify them as witnesses so long as they said they knew the taste of beer, had tasted this and knew that it was beer.

Bill of Exception No. 3 complains of the introduction in evidence of the labels on the bottles. We have so frequently held the original labels to be admissible that we do not consider it necessary to cite the cases. Note Ferguson v. State, 133 Tex. Cr. R. 250, 110 S.W. 2d 61, and authorities there discussed.

The question raised in Bill of Exception No. 4 is a complaint of the failure of the court to give a requested charge to the jury but presents the same issue as that discussed in Bill of Exception No. 3.

Bill of Exception No. 5 complains of the court's failure to give an affirmative charge on the quantity and content of the beer alleged to have been sold, and limited conviction to proof that six bottles were sold. There is no issue in the case about the number of bottles. The proof of one bottle would be sufficient to sustain conviction. No one denied the alcoholic content either by volume or by weight, hence there is no affirmative defense based on the proposition of the alcoholic content or the quantity of beer sold.

Our discussion of the sufficiency of the evidence disposes of Bills of Exception Nos. 6 and 7.

It is stipulated and agreed by the attorneys for both sides that Taylor County, where the sale was made, is a dry area where the sale of beer is forbidden by law.

We find no reversible error and the judgment of the trial court is affirmed.