## SIMS v. STATE.
### No. 25691.

Court of Criminal Appeals of Texas.
Feb. 6, 1952.

On Rehearing April 16, 1952.

Bennett & Bennett, by Mac L. Bennett, Jr., Normangee, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted for selling intoxicating liquor and assessed a penalty of $500.

The state introduced evidence showing the purchase, by Liquor Control Board investigators, of whisky. The appellant offered no defense and introduced no evidence. During its deliberation the jury sent for the bottle of whisky, which had not been opened, and after opening it passed it among themselves and smelled of its contents. This is assigned as error and is the only serious contention for reversal of the case.

We think the following excerpt taken from the brief of the State's Attorney is a proper discussion of the question presented.

"It is doubtful if this smelling by the jury constituted the receipt of new evidence by the jury because, on the trial of the case, the witnesses Russell, Strong, and Dibrell all testified that the liquor was whisky.

"On this point we copy the following from 25 Tex.Jur., Sec. 52, on p. 143: '* * * Where the intoxicating nature of the liquor is in issue the jury may be permitted to taste or smell the liquor offered in evidence (citing Atwood v. State, 96 [Tex.] Cr.R. 249, 257 S.W. 563); this is improper, however, where the intoxicating nature is not an issue, although the error is harmless (citing Reid v. State, 100 [Tex.] Cr.R. 512, 271 S.W. 625; Cook v. State 96 [Tex.] Cr.R. 586, 258 S.W. 1058).'

"In the present case it appears that the nature of the liquid was not made an issue other than by appellant's plea of 'not guilty', and therefore the matter complained of might have been error, but insomuch as the smelling of the liquor by the jury did not solve any contested issue of fact it is thought to be harmless. In the Reid case, above mentioned, the opinion was by Presiding Judge Morrow, and as to this matter of the jury smelling the liquor the court said this:

" '(1) It was improper for the court to permit the district attorney to pass around to the members of the jury a part of the liquor that was involved and have them smell it. This procedure has often been criticized, and the reason for its continued repetition is difficult to comprehend. If the information gotten by this experiment could be appropriated by them to any controverted question, the conviction would be jeopardized. If, as in the present case, it could not be appropriated, it would seem a useless act. There seems no question that there were several jugs of whisky in the car in which the appellant was riding. The fact that the jury were called upon to smell the whisky, while useless and improper, as stated above, cannot under the circumstances be regarded as harmful. See Lerma v. State, 81 Tex.Cr.R. 109, 194 S.W. 167; Cook v. State, 96 Tex. Cr.R. 586, 258 S.W. 1058.' "

We find no reversible error and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

GRAVES, Presiding Judge.

It is called to our attention in the motion for rehearing that the locus of the offense is not shown in the statement of facts.

The local option liquor law is a special law and not effective except in counties wherein it has been adopted by a vote of the people. We think such a law prohibiting the sale of liquor is in effect in Leon County. The difficulty in which the State finds itself herein is that nowhere in the statement of facts is it shown that the complained of sale upon the part of the appellant took place in Leon County. This was necessary to be shown before an offense can be established in such county.

For a failure to thus show, the motion for rehearing is granted, the judgment of conviction is set aside, and the cause now reversed and remanded.