## MARION GUINN v. STATE

No. 28,399. October 3, 1956.
State's Motion for Rehearing Overruled
(Without Written Opinion) December 5, 1956.

*Reynold M. Gardner,* Amarillo, for appellant.

*Gib Howard,* District Attorney, *Wayne Bagley,* Assistant District Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of morphine, a narcotic drug; the punishment, 8 years.

Officer Nunly of the Amarillo police testified that he arrested the appellant, following an automobile collision, for the offense of driving while under the influence of a narcotic drug and carried him to the police station, that outside the station the appellant dropped a small bottle which he retrieved, and that after he entered the station the appellant surrendered to him a small box. It was shown by Chemist Wyatt that the bottle contained a morphine preparation and some barbiturate capsules. The bottle was identified as State's Exhibit No. 1 and the box as Exhibit No. 2, but neither was introduced in evidence. This prosecution was predicated upon the possession of the morphine alone.

The appellant did not testify in his own behalf but offered Dr. Milligan of Santa Rosa, New Mexico, who testified that on the day charged in the indictment he had given the appellant a prescription for 24 one-sixteenth grain pills of dilaudid hydrochloride, which was shown by the witness Wyatt to contain morphine.

The principal grounds for reversal advanced by the appellant were the refusal of the trial court to permit the witness Milligan to testify that State's Exhibit No. 1, which was the bottle the appellant dropped outside the police station, bore a label which corresponded to the prescription which he had written for the appellant and the refusal to admit such label in evidence.

In such ruling, the court was clearly in error. Adair v. State, 157 Tex. Cr. Rep. 27, 246 S.W. 2d 211, Musgrove v. State, 159 Tex. Cr. Rep. 571, 265 S.W. 2d 820.

Under Section 11 of Article 725b, Narcotic Drug Regulations, the appellant had the right to establish as a matter of defense that he had received the narcotics involved in this prosecution upon prescription by a physician and possessed it in the container in which it was delivered to him.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.