Jack DYCHE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45592.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Rehearing Denied March 7, 1973.

Melvyn Carson Bruder, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of morphine; the punishment, fifteen (15) years.

This is a companion case to Dyche v. State, 478 S.W.2d 944.

Appellant's first ground of error complains of the admission of certain hearsay testimony. Officer Cavender testified before the jury that he received information that narcotics could be found at 4645 Bryan Street, Apt. E, and used the information to secure a search warrant.

Appellant cites Cabrera v. State, Tex. Cr.App., 395 S.W.2d 34, and Albitez v. State, Tex.Cr.App., 461 S.W.2d 609, as authority. This Court reversed Cabrera, supra, because the hearsay testimony there was in direct conflict with the testimony of the accused in which he denied having ever seen the narcotics in question. Thus, in that case, the hearsay supported the testimony of the arresting officer and refuted the testimony of the accused.

In the case at bar, appellant admitted possession of the narcotics and stated that his sister brought them into the house and that he, after discovering them, intended to turn them in to the police. The hearsay in no wise refuted appellant's testimony and, therefore, its admission, if error, was harmless.

Further, in Albitez v. State, supra, we held that while it is error for the Court to admit an affidavit and search warrant over an objection that it constitutes hearsay, the error, in that case, was harmless in view of appellant's testimony that he possessed the drugs. For other cases dealing with harmless error see Cole v. State, Tex.Cr. App., 484 S.W.2d 779; Holcomb v. State, Tex.Cr.App., 484 S.W.2d 938; McComb v. State, Tex.Cr.App., 488 S.W.2d 105; Yates v. State, 488 S.W.2d 463; Madeley v. State, Tex.Cr.App., 488 S.W.2d 416.

Ground of error number 2 is that the Court erred in not providing appellant with a copy of Officer Cavender's testimony before the Grand Jury. When appellant took Cavender on cross-examination and asked if he had testified before the Grand Jury, he replied that he did not recall but assumed that he had. Counsel then asked for the transcription of the officer's testimony before the Grand Jury. The State replied that it had no such transcription.

Appellant did not show that the Grand Jury testimony was recorded or the requisite "particularized need" for it and was, therefore, not entitled to use the same for cross-examination. Reed v. State, Tex.Cr. App., 456 S.W.2d 393; Garcia v. State, Tex.Cr.App., 454 S.W.2d 400.

Ground of error number 3 relates to that portion of Dr. Morton F. Mason's testimony in which he identified the contents of certain bottles of narcotics by reading their labels. The Federal Narcotics Seal was still intact on the bottles and no analysis was made on them. Appellant contends that Mason's testimony constituted hearsay, since he had not analyzed the drugs himself. The narcotics in question constituted five of sixteen drug exhibits introduced in evidence. The other eleven exhibits were tested under Mason's direction at his laboratory and several were shown to contain morphine. Appellant has pointed to no possibility of injury to him from Dr. Mason's testimony and we know of none.[1]

Appellant's ground of error number 3 is overruled.

Ground of error number 4 charges the court erred in admitting evidence of an extraneous offense involving appellant's sister, Martha Dyche. Juvenile Officer Mary Clark stated that the girl had been charged with attempting "to pass a forged prescription" and that "she had been brought in a few other times for other offenses". However, the record reflects that the girl, testifying in her brother's behalf, admitted that she had stolen the narcotics and that she had brought them to the apartment where they were found. Further, she testified that she had been adjudged a juvenile delinquent because she "took a forged prescription into a drugstore and had it filled" and for the further reason that "I kept taking narcotics and nobody could get me to stop". Without passing upon the propriety of the juvenile officer's answers, we observe that an accused may not complain of testimony which he himself has also elicited. Robbins v. State, Tex.Cr.App., 481 S.W.2d 419; Humphrey v. State, Tex.Cr.App., 479 S.W.2d 51; Hoover v. State, Tex.Cr.App., 449 S.W.2d 60; and Ivory v. State, Tex. Cr.App., 430 S.W.2d 498.

Finding no reversible error, the judgment is affirmed.

---

1. This Court has held that original labels on whiskey bottles are admissible as evidence that the bottles contained whiskey. Adair v. State, 157 Tex.Cr.R. 27, 246 S.W.2d 211; Musgrove v. State, 159 Tex. Cr.R. 571, 265 S.W.2d 820.