Floyd Williford v. The State.

No. 7395.  Decided October 17, 1923..

1.—Selling Intoxicating Liquor—Suspended Sentence.

To compel the defendant under his plea of suspended sentence, while on the witness stand, to answer upon cross-examination that he had been arrested for drunkenness on one occasion, should not have been permitted, although not sufficient to cause a reversal.  However, where it further appeared from the record that while the State was introducing its rebuttal evidence, appellant was recalled and asked if he had ever been engaged in gambling, which he denied and the deputy sheriff was then permitted to testify that he had then in his possession warrants for appellant charging him with gaming, the same is reversible error.

2.—Same—Accomplice—Practice on Appeal.

The contention of appellant that prosecuting witness was an accomplice does not find support under the facts or the law.

Appeal from the District Court of Brown.  Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. L. Kirkpatrick* and *Scott & Davis,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Brown County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant filed an application for a suspended sentence and introduced proof of the fact that he was only twenty-one years of age and had never been convicted of a felony, and had a good reputation for being a peaceable, law-abiding citizen.  After introducing a number of witnesses to testify upon the above issues, appellant took the witness stand himself.  He gave no testimony as to his general reputation, nor had any of his witnesses to good reputation been cross-examined as to their knowledge of any specific offenses supposed to have been committed by appellant prior to said time.  Appellant denied making the alleged sale of liquor.  On cross-examination the State asked him if he had ever been arrested for drunkenness, and over objection he was compelled to answer that he had been arrested for drunkenness on one occasion.  This procedure is made the subject of a bill of exceptions.  We do not think such question permis-

sible. Waters v. State, 91 Texas Crim. Rep., 592, 241 S. W. Rep., 491. But if the admission of this testimony was the only error, we would not direct a reversal, Baker v. State, 87 Texas Crim. Rep., 309, upon the hypothesis that such evidence could only remotely affect the question of the appellant's reputation, if at all, there being abundant direct evidence *pro* and *con* on such issue. However, it is further made to appear that while the State was introducing its rebuttal evidence appellant was recalled to the stand and asked if he had ever been engaged in gambling, and when he replied in the negative, the State's attorney asked him the following question: "Don't you know that the recent grand jury indicted you in two cases for gaming at the Cosy rooming house?" to which appellant replied that he didn't know how many cases there were against him for gambling; that he did not take part in any gambling game at the Cosy rooming house, and so far as he knew there were no charges against him. This was all over the objection of appellant. It is further made to appear that after this had taken place the State introduced a deputy sheriff who was permitted to testify that he had then in his possession two warrants for appellant charging him with gaming. Such testimony is condemned in Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W. Rep., 487; Fountain v. State, 90 Texas Crim. Rep., 474, 241 S. W. Rep., 489; Moore v. State, 91 Texas Crim. Rep., 118, 237 S. W. Rep., 931. It cannot be claimed that this was cross-examination pertinent to any matter brought out by the defense from the appellant. It was original testimony of isolated transactions brought out by the State, and in the above cases this court held testimony of this character not pertinent to the issue of suspended sentence. The learned trial court told the jury they could only consider it as bearing on the issue of suspended sentence. That such evidence was necessarily hurtful to the cause of appellant is apparent and its admission necessitates a reversal of this case. But for same the jury might have given appellant a suspended sentence.

We do not think appellant's contention that prosecuting witness was an accomplice finds support either in the facts of this record or under the law of this State.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*