BILL KELLUM V. THE STATE.

No. 9524.   Delivered November 18, 1925.

Rehearing denied January 13, 1926.

1.—Transporting Intoxicating Liquor—Evidence—Identifying Whiskey by Smell—Held, Permissible.

Where appellant, on being apprehended, struck a sack filled with glass jars, etc., and when taken in possession by the officers the sack was full of broken glass and a liquid was still running out of the sack, there was no error in permitting witnesses to testify that they smelled the sack, and the place where the contents of the sack had been spilled, and that they could tell by the smell that whiskey had been in the jars that were broken. See Hughes v. State, 268 S. W. 960.

ON REHEARING.

2.—Same—Evidence—Identification of Whiskey.

While it has been held in numerous cases that a witness may testify that he is familiar with the odor of whiskey, and that liquid smelled by him was whiskey, such evidence is not conclusive of the intoxicating character of the liquid smelled. If, however, on the whole record the jury was warranted in finding that the beverage was whiskey, further proof of its intoxicating quality was not necessary. Other evidence in the instant case being sufficient to warrant the jury in finding that the liquor being transported by appellant was whiskey, the motion for rehearing is in all things overruled. Following Rutherford v. State, 49 Tex. Crim. Rep. 21 and Lerma v. State, 194 S. W. 168.

Appeal from the District Court of Hale County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*L. G. Matthews* of Floydada, and *W. W. Kirk* of Plainview, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is transportation of intoxicating liquor, the punishment is one year in the penitentiary.

The appellant in his brief makes but one contention and that is that the evidence is wholly insufficient to support the verdict of the jury and the judgment of the court. We cannot agree with this contention. A brief summary of the evidence shows that appellant was driving a Ford automobile in Plainview and when approached by the officers took something in a sack and struck it with a hammer, that the officers secured the sack and that it was full of broken glass jars, etc., and that a liquid was still running out of it. A number of witnesses testified that they smelled the sack and the place on the car where the contents of the jars had been spilled and that they could tell whiskey by the smell, and that whiskey had been in the jars when they were broken. Appellant did not take the stand and offered no evidence that the contents of the jars was not whiskey, except that one witness testified that appellant had gone after beer. The issue thus raised was one of fact for the jury. The opinion of witnesses based upon the odor of the liquid was competent evidence. It was for the jury to pass upon its weight and credibility. This has been done and from the verdict arrived at it is apparent that the jury believed that the witnesses were telling the truth when they said they could tell from the odor that the liquid in the jars that were broken by the appellant was whiskey.

No complaint is made by the appellant at the court's action with reference to the charge in submitting this issue of fact and we cannot say as a matter of law that a witness cannot identify a liquid as whiskey by its odor. Hughes v. State, 268 S. W. 960.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is contended by the appellant that the intoxicating quality of the liquid transported by him was shown alone by the opinion of the witness, based on the odor of the fluid in appellant's possession. The opinion, based on the odor, would be admissible in evidence, but not conclusive of the intoxicating character of the liquid. See Parker v. State, 75 S. W. Rep. 31; Thompson v. State, 72 Texas Crim. Rep. 6; Lerma v. State, 81 Texas Crim. Rep. 109; Hughes v. State, 268 S. W. Rep. 961. From the last-named case we quote:

"The opinion of the witnesses, based upon the odor of the liquid, was, we think, competent evidence. In other words, the statement of the officer that he was acquainted with the odor of whiskey; that the liquid in question had such an odor; that in his judgment it was whiskey, was proper testimony to go before the jury. It was not conclusive, however, that the liquid was whiskey, nor that it was intoxicating liquor. It is conceived that the article might have the odor of whiskey and yet contain an amount of alcohol so small that it would not be classified as intoxicating liquor."

In the present instance, the State's case is supported by additional evidence. The appellant, while traveling on the highway in an automobile, was intercepted by the deputy sheriff who had observed his movements for some time. The deputy placed the automobile in which he was riding in such a position as to prevent the passage of the appellant's car. Upon reaching a point about 75 yards distant, and observing the officers approaching, appellant, using a hammer, struck the tow sack in which he was carrying the jars of liquor. When the deputy and his companion arrived at the appellant's car, they found, according to their testimony, a tow sack with what they took to be two quarts of whiskey. The liquid was running out of the sack. The deputy and his companion took charge of the sack in which there was glass from the broken containers from which there was running a fluid. The bottom of the sack was wet with what the witness took to be whiskey. He said: "I smelled it and it was whiskey. * * * Some of it was on the running board of the

car." Appellant remarked that "if the sun had not been in his face he would not have caught him; he would have gone on west."

In his cross-examination, the witness testified that at the examining trial he had given testimony and had signed a written statement. He was asked if it was not a fact that in that statement he failed to say that the liquid was whiskey. This he denied, but declared that he said that the liquid was whiskey but that he could not say from the odor that it was intoxicating. The written statement of the witness upon the examining trial was given to him, and upon refreshing his memory, he said: "I said it was whiskey in that statement I made on (the) examining trial." The statement was introduced in evidence.

The witness who was in company with the deputy sheriff at the time of the arrest described the transaction as has been detailed above. He said:

"When he broke it, whiskey or something like it ran out of the jar. I saw it running out of the sack. It was whiskey to the best of my knowledge. I know what whiskey is. I have had quite a good deal of experience with it in the last two years, and I was raised where whiskey was made and know all about it. I know how whiskey smells and how it tastes. When I got to the car with him, the top of the first jar he broke was laying on the running board with the top down, and it was full of whiskey."

It is not essential that one qualify as an expert in order to give his opinion that the liquid is whiskey. In other words, an analysis of the fluid is not required. The opinion may be based upon the appearance, smell or taste of the article. Cathey v. State, 252 S. W. Rep. 534; Carson v. State, 69 Ala. 240.

In the present case, the State produced not only the testimony of two witnesses expressing the opinion that the fluid was whiskey, but this was accompanied by the conduct of the appellant in endeavoring to suppress the evidence against him by the destruction of the bottles containing the liquid and by his inculpatory remarks indicating a desire or intention to flee or escape, which accompanied his arrest.

On the whole record we are of the opinion that the jury was not unwarranted in concluding that the fluid possessed by the appellant was two quarts of whiskey. If so, further proof of its intoxicating qualities was not necessary. Ruth-

erford v. State, 49 Texas Crim. Rep. 21; Lerma v, State, 194 S. W. Rep. 168.

The motion for rehearing is overruled.

*Overruled.*