PETE TRO V. THE STATE.

No. 9902.   Delivered April 28, 1926.

**Transporting Intoxicating Liquor—Evidence—Taking Whiskey to Jury Room—Improper.**

Where, on a trial for transporting intoxicating liquor, the intoxicating character of the liquor being questioned, it was improper practice to permit the jury to take the liquor with them to the jury room, and there to examine it to determine whether or not it was whiskey, and this error necessitates a reversal of the judgment. See Brown v. State, 242 S. W. 218; Skinner v. State, 274 S. W. 133.

Appeal from the District Court of Roberts County.   Tried below before the Hon. W. A. Ewing, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, one year and one day in the penitentiary.

This is the second appeal in this case.   The opinion on the first appeal will be found in 274 S. W. 634, where a sufficient statement of the facts is given.

*Hoover, Hoover & Willis* of Canadian, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Roberts County of unlawfully transporting intoxicating liquors, and his punishment assessed at one year and one day in the penitentiary.

This is the second appeal to this court.   The opinion in the

first appeal will be found in 274 S. W. 634, where a sufficient statement is given showing the main issues involved, the facts being practically the same, with the exception that the appellant testified in the instant case.

Bill of excepions No. 2 complains of the action of the court in permitting the jury to take the alleged whiskey in question with them to the jury room during their deliberation, and bill No. 3 complains of the conduct of the jury, while deliberating upon their verdict, in examining said alleged whiskey by smelling same, and in examining the lid to the jar for the purpose of determining whether the liquid was whiskey, all of which, according to the record, was done by the jury before a verdict of guilty had been reached, and several of the jurors testified on motion for a new trial that upon an examination of the liquor they were confirmed in their belief that the same contained whiskey. It was a controverted issue on the trial as to whether or not the liquid in question was whiskey. It was the contention of the appellant that the use made by the jury of the liquid in the jury room was prejudicial to his defense and violative of the statute forbidding the jury to receive new evidence after retirement. We think this contention is well taken and that the court erred in refusing to grant the appellant a new trial on this ground, especially in view of the showing that it was used in a different manner than that accorded the evidence introduced upon the trial. Brown v. State, 242 S. W. 218; Skinner v. State, 274 S. W. 133.

We are also of the opinion that the court was in error in permitting the jury, over appellant's objection, to take the alleged whiskey in question with them in the jury room, under the facts of this case.

For the errors above mentioned, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.