### Arvel Bryant v. The State.

No. 10816.   Delivered May 18, 1927.

Rehearing denied February 29, 1928.

Second motion for rehearing denied March 21, 1928.

**1.—Burglary—Continuance—No Diligence Shown—Properly Refused.**

Where appellant entered a plea of guilty and filed an application for a suspended sentence and applied for a continuance to secure witnesses to testify on the suspended sentence issue, and his motion for a continuance failed to show legal diligence, and the facts set out which were expected to be proven by such absent witnesses, would not have been admissible in evidence, had the witnesses been present, there was no error in refusing the continuance.

**2.—Same—Confession of Accused—Harmless, if Erroneously Admitted.**

Where appellant complains of the admission in evidence of a portion of his written confession, and the record discloses that the statements objected to had all been related in accord with the confession, by appellant when testifying in his own behalf, there could have been no injury inflected upon him, by the admission even erroneously of a part of such confession.

**3.—Same — Evidence — Of   Other   Transactions — Pertinent — Properly Admitted.**

Proof of another transaction, not involving an offense, which shed light upon and was pertinent to the main issue upon the trial, was properly received.

**4. — Same — Character  Witness — Cross-Examination — Held  Harmless  if Error.**

Where the state had introduced two witnesses who testified that appellant's reputation was bad, and on cross-examination appellant elicited from

said witnesses testimony that he, appellant, had previously been charged with theft, and the state then proved by the same witnesses that appellant had been also convicted of a misdemeanor which did not involve moral turpitude, the error shown in the admission of such last named proof was not of such harmful nature as to warrant a reversal of the case.

**5.—Same—Arugment of Counsel—Not Erroneous—Bill of Exception Incomplete.**

Where objection was made to the argument of counsel for the state, and appellant's bill complaining of the matter fails to state that such argument was objected to, or to show in what way it was injurious, such bill is insufficient, and presents no error.

### ON REHEARING.

**6.—Same—Evidence—Of Other Transactions—When Admissible.**

Evidence of extraneous transactions or offenses are not always inadmissible. Where the facts disclosed in such proof are pertinent to the states case, and tend to establish some issue in the case on trial, they may become pertinent and properly admissible notwithstanding that such facts may establish another offense, or different transaction. See Chester v. State, 300 S. W. 57, and Underhill's Crim. Ev. 3rd Ed. Sec. 152, pp. 196-199.

**7.—Same—Evidence—Erroneously Admitted—When Harmless.**

Where appellant complains that evidence was erroneously admitted and it is shown by the record that the facts shown by such evidence had been admitted and testified to by the appellant as a witness in his own behalf, the admission of the same testimony from other witnesses, even though error, would be harmless.

**8.—Same Continued.**

It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same facts is proven by other testimony not objected to. See Wagner v. State, 53 Tex. Crim. Rep. 306, and other cases cited in opinion on rehearing.

**9.—Same—General Reputation—Suspended Sentence—Specific Acts Inadmissible—Rule Stated.**

Where an application for a suspended sentence is presented, appellant's general reputation is put in issue, but such general reputation cannot be proven by specific acts of misconduct. See Johnson v. State, 92 Tex. Crim. Rep. 582, and other cases cited in opinion on rehearing.

### ON SECOND MOTION FOR REHEARING.

**10.—Same—No Error Presented—Application Denied.**

Appellant asks leave to file a second motion for rehearing but presents no new propositions. We discover no error in our original opinion, and on rehearing the motion must be denied.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Ernest W. Wilson* and *W. E. Martin* of Abilene for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, Judge.—The appellant was convicted for the offense of burglary, and his punishment assessed at two years in the penitentiary.

Appellant filed an application for a suspended sentence and entered a plea of guilty. By entering a plea of guilty, appellant admitted all criminating facts alleged in the indictment. The minimum penalty was assessed. The only issue left for the determination of the jury was the issue of suspended sentence.

Appellant complains of the action of the learned trial judge in overruling his application for continuance based on the absence of several witnesses whose testimony is alleged to be material to the issue of suspended sentence. We doubt seriously whether the application shows the exercise of diligence by appellant. Appellant was indicted on the 7th of September, and his case was set for trial on the 14th of September. The application for continuance showed on its face that process for the absent witnesses was not applied for and issued until the 13th of September. No reason is shown for not making application for said process earlier. However, we do not believe the facts expected to be proved by the absent witnesses would have been admissible as bearing upon the issue of suspended sentence, inasmuch as said witnesses were desired to testify to facts bearing upon the guilt or innocence of appellant. The only proof that could be offered on the issue of suspened sentence was proof only as to the general reputation of the appellant in the community in which he lived as to his being a peaceable, quiet, law-abiding citizen, and, in this case, as to honesty and fair dealing. The appellant proved by a number of substantial and reputable citizens of the county that his reputation in this respect was good. The state, to meet this proof, proved by a number of witnesses that appellant's reputation in this respect was bad. The issue was squarely up to the jury, and the jury decided it against appellant by refusing to suspend his sentence. We are unable to see how the appellant has been deprived of any substantial right by the failure of the learned trial judge to grant said continuance.

Appellant, by his third and fourth bills of exception, complains of the introduction of a portion of the written statment or confession signed by appellant to the effect that a man from Merkel left a red Ford roadster at the house of appellant

for appellant's brother to repair, and that appellant took the highway licenses off said car and put them on the car he, appellant, was driving, being the car upon which the stolen tires were placed, and that appellant also took gasoline and a jack out of said Ford car and put them into the car he was driving. We fail to see in what way the admission of this testimony was injurious to the appellant, there being nothing in the bill and nothing in the record to indicate that the appellant had violated any law or had done anything wrong by taking the things off of and out of the Ford car and placing them in the car he was driving, appellant and his brother being in lawful possession of the red Ford car.

The manner employed by the District Attorney in interogating the appellant, complained of in the fourth bill of exception referred to above, does not show such error as would be reversible.

Bill of exception No. 5 complains that the learned trial judge permitted the witness, W. B. Poston to testify that he had at one time arrested the appellant for peeping into a man's house at his women folks, and that appellant had plead guilty to it. The appellant objected to this testimony for the reason that it did not involve moral turpitude because it was not shown that there was any law in force in this state making it unlawful to peep into a window at folks, and because if the appellant had been arrested by said officer for any offense and had plead guilty the record thereof was the best evidence. We are unable to agree with appellant's contention. We find in the statement of facts where the state introduced the witness Grover Hall, and the witness B. F. Morgan, both of whom testified that the reputation of appellant as to being a peaceable and law-abiding citizen and for honesty and fair dealing was bad, and that appellant on cross-examination, proved by both of said witnesses that the appellant was charged and accused of theft. Appellant, having elicited this testimony from the said witnesses on cross-examination, cannot be heard to complain of the evidence testified to by the witness Poston to the effect that appellant had been arrested and paid a fine for an offense not involving moral turpitude. With the record in this condition, we are constrained to hold that the evidence complained of in this bill was not of such harmful nature as to warrant a reversal of this case.

Appellant, by his bill of exception No. 6, complains of the remarks of the District Attorney in his closing argument to the jury wherein the District Attorney in the presence and hearing of the jury made the following statement:

"Gentlemen of the Jury: John Grow testified on this stand that when he went to Jayton with Arvel Bryant that Bryant said nothing to his uncle about borrowing money, but he did testify that Arvel Bryant had told him that he had gone to Jayton and Munday several times before and disposed of stolen tires."

We are unable to agree with this contention, for the reason that from an examination of the bill and the record we find that the Prosecuting Attorney was clearly within the record in making this argument. The bill is defective in that it nowhere states appellant's objection or in what way said argument worked any injury to the appellant.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is appellant's contention that we were in error in the disposition of the matter complained of in bills of exception three and four which relate to the admission in evidence of appellant's confession, wherein he admitted the taking of gasoline, a jack and license number from another car. The objections to such part of appellant's confession were that it showed another offense and impinged on appellant's plea for suspended sentence. The original opinion was evidently based on appellant's own statement that he and his companion had permission from the owner of the car to remove such things and therefore constituted no offense. However, if appellant be right in his view that such transaction revealed another offense the proof of it in the present case was not erroneous. Appellant was charged with the burglary of a garage in which four automobile casings were stolen. Although appellant had plead guilty the state and had the right to prove its case and trace the stolen property. The stolen casings were placed on a car which was in appellant's possession and in which appellant and his companion intended to make a trip to an adjoining county. In order to operate the car other things than the casings were necessary so appellant and his companion took the gasoline, jack and license numbers from another car for use of the car on which the stolen casings had been placed. In

tracing the stolen casings the matters complained of developed and became a part of the transaction. Under the peculiar circumstances of the case no error occurred in admitting the evidence. Chester v. State, 300 S. W. 57, and cases therein cited. Also Underhill Crim. Ev. (3rd. Ed.), Sec. 152, pp. 196-199. In any event appellant is in no position to complain because of the admission of the part of his· confession objected to. Before the state offered it appellant without objection had testified to everything contained in the confession. (Authorities upon this point are collated at the end of the .concluding paragraph of this opinion.)

In our original opinion the matter complained of in bill of exception No. 5, was held to have been harmless in view of the evidence developed by appellant himself on cross-examination of the state's witnesses Hall and Morgan. It is pointed out in the motion for rehearing that such holding must have been based upon a misapprehension of the record as to the testimony of said witnesses. In this respect we think appellant is right. Hall and Morgan were character witnesses for the state, both testifying that appellant's general reputation was bad. On cross-examination Morgan did not testify that appellant had ever been charged with theft save in the particular case for which he was then on trial. Hall testified on cross-examination that he had heard appellant had been charged in the city court with theft and had been put in jail for it, but witness said he had not filed such complaint and did not know the date of such accusation. To overcome the imputation cast upon him by this testimony, appellant called the Deputy County Clerk of the county who testified that he had examined the criminal records of the county back to a time when appellant was only nine years old, and that the records of the court showed no charge of any kind against appellant. The District Attorney admitted that no charge of theft had ever been lodged against appellant in the District Court. If any charge of theft had ever been lodged in the City Court that tribunal had no jurisdiction to finally dispose of it and the evidence of the Deputy County Clerk excluded the idea that any such accusation had been merged into a legal charge in a court of competent jurisdiction. It was in this condition of the record that the evidence of Posten as set out in our original opinion was admitted. We were in error in disposing of the objection to Posten's testimony upon the ground stated in our original opinion in view of the matters heretofore stated.

We are in accord with appellant's contention that Posten's testimony was not admissible upon the issue of appellant's

general reputation raised by his request for suspended sentence; such general reputation could not be proven by specific acts of misconduct. Johnson v. State, 92 Tex. Crim. Rep. 582, 241 S. W. 484, and authorities therein cited; Fountain v. State, 90 Tex. Crim. Rep. 474, 241 S. W. 489; Williford v. State, 95 Tex. Crim. Rep. 472, 255 S. W. 170; Lovelady v. State, 95 Tex. Crim. Rep. 571, 255 S. W. 415; McKnight v. State, 98 Tex. Crim. Rep. 355, 265 S. W. 892; Wright v. State, 98 Tex. Crim. Rep. 513, 266 S. W. 783; Pettiett v. State, 100 Tex. Crim. Rep. 255, 272 S. W. 473; Elkins v. State, 101 Tex. Crim. Rep. 377, 276 S. W. 291. We are likewise in agreement with appellant on the point that Posten's evidence was not admissible to impeach appellant as a witness. The incident related by Posten was certainly not a felony. Neither was it a misdemeanor involving moral turpitude. It must be one or the other before it is usable for purposes of impeachment. (Branch's Ann. Tex. P. C., Sec. 167.) Notwithstanding our agreement with appellant in the legal propositions mentioned we find the record in such condition that we cannot base a reversal upon the admission of Posten's evidence. Upon cross-examination appellant was asked about having paid a fine in the city court and without objection testified as follows:

"They got me for something. They did not tell me. It was for disturbing the peace. They accused me of peeping through a window, on some women folk. I think that is what it was. They fined me thirty-seven dollars for that and I paid eight dollars on it. I plead guilty to it."

Everything Posten gave in evidence was already before the jury by appellant's own admission. Parker v. State, 91 Tex. Crim. Rep. 68, 238 S. W. 943; Scharff v. State, 99 Tex. Crim. Rep. 605, 271 S. W. 83; Gonzales v. State, Tex. Crim. Rep. 299, S. W. 901. We quote from Wagner v. State, 53 Tex. Crim Rep. 306, 109 S. W. 169:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Rogers v. State, 26 Tex. Crim. App. 404; Walker v. State, 17 Tex. Crim. App. 16; Johnson v. State, 26 S. W. 504; Stephens v. State, 26 S. W. 728; Logan v. State, 17 Tex. Crim App. 50; West v. State, 2 Tex. Crim. App. 460; and Carlisle v. State, 37 Tex. Crim. Rep. 108."

Later cases following Wagner are Gurski v. State, 93 Tex. Crim. Rep. 612, 248 S. W. 353; Osborne v. State, 106 S. W. 310, 292 S. W. 240; McLaughlin v. State, No. 11286, opinion delivered February 15, 1928.

The motion for rehearing is overruled.        *Overruled.*

ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR
REHEARING.

LATTIMORE, Judge.—Appellant presents a most courteous
and deferential application for leave to file a second motion for
rehearing. We have looked over the matters presented and are
unable to conclude that they are of such character as indicate
new propositions, or that any legal right of the accused was
overlooked or not discussed in the original opinion and that on
rehearing. We think a correct decision has been made and,
therefore, deny the application.　　　　*Application denied.*