## LEE YARBROUGH v. THE STATE.

No. 12110.  Delivered December 19, 1928.
Rehearing denied January 23, 1929.

The opinion states the case.

*Bell & Bell* of Paducah, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The following is in substance the State's evidence:  The witness Chapman saw the appellant driving an automobile into a pasture; that he stopped his car and took out a gallon jug of whisky which he hid in some brush, after which he drove away.  The officer who observed the conduct of the appellant went to the point at which the jug had been placed and took charge of it.  He said it was a gallon jug of whisky; that he could tell it was whisky by the smell of it.  He took the jug of whisky to Sheriff Payne and left it in his possession.  Payne brought it into court and the jug of whisky was iden-

tified as that which had been in possession of the appellant. Payne testified that he had kept the jug in his possession since it had been delivered to him by officer Chapman, and that it contained whisky. Payne stated on cross-examination that he did not taste the contents but that it smelled like whisky. The statement of facts, as signed, shows that there was introduced in evidence a gallon glass jug containing whisky, which was identified by the witnesses Payne and Chapman.

There are no complaints of the court's ruling save that in which it is claimed that the jury should have been instructed to acquit. The specific contention of the appellant is that the proof that the jug which the appellant transported contained whisky is supported alone by the opinion of the witnesses based upon the odor of the contents of the jug. Hughes v. State, 268 S. W. Rep. 960; Kellum v. State, 278 S. W. Rep. 434; Elms v. State, 279 S. W. Rep. 828, are cited by the appellant in support of his contention. The authorities and those to which they refer go no farther than to declare that the bare fact that the liquid had the odor of whisky would not, when standing alone, be sufficient evidence upon which to base a verdict convicting the accused of the possession of intoxicating liquor. Proof that the liquid had the odor of whisky would be an admissible but not a conclusive circumstance for the reason that such odor might be present and yet the liquid not be intoxicating or usable for beverage purposes. In each of the cases to which the appellant refers, however, the evidence was held sufficient for the reason that in them, like in the present, there were circumstances developed which supplemented and supported the opinion of the witnesses based upon the odor of the liquid.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only claim urged in this motion is the insufficience of the testimony. Same has again been reviewed. Appellant hid a jug in some bushes. A person who saw him do this took the jug from its hiding place and delivered it to the sheriff. Both the party who found the jug and the sheriff testified in so many words that the contents of the jug was whisky. The fact that on the jug was the name "Delaware" and that the two witnesses referred to relied chiefly upon the sense of smell as affording them sufficient reason for swearing the jug contained whisky, would be

a matter for the jury in connection with all other facts in evidence. They have accepted the testimony as true. We are not privileged to hold them without warrant for so doing.

The motion for rehearing will be overruled.

*Overruled.*