HENRY BUTLER v. THE STATE.

No. 13022. Delivered February 19, 1930.
Rehearing denied June 27, 1930.
Reported in 29 S. W. (2d) 769.

The opinion states the case.

*I. T. Ward* of Cleburne, and *Myres & Pressly* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The testimony is ample to show that appellant and one Vaughn were riding in Vaughn's car; that officers were watching for them;

that when accosted by the officers the car speeded up, and appellant got out on the running-board and broke four jars of whisky, one after another, upon the fender. This evidence would be sufficient to justify the jury's verdict that appellant was guilty with Vaughn in the transportation of the whisky.

Complaint is made in a bill of exception of a question propounded to the sheriff by the State's attorney, upon re-direct examination, as to whether or not bootleggers usually had their cars mortgaged. There is no dispute over the fact that appellant went into the question of why the officers did not confiscate Vaughn's car, after arresting said parties on the charge of transporting intoxicating liquor; that the sheriff said it was no use, that he had tried confiscating a number of cars and that they were all taken back. It is also apparent from the record that State's attorney used the term "bootleggers," without objection, referring to whisky violators during his said re-direct examination. Objection was made to the question asked by the county attorney. The objection was sustained. We perceive no such danger of injury from the asking of the question as to make same an error for which a reversal should be ordered. The jury gave appellant the minimum penalty. The car, indirectly referred to as a bootlegger's car, belonged to Vaughn and not to appellant, appellant had gone into the question as to why the car was not confiscated, and the State had a right to fully explore the subject. We see no possibility of injury in the matter.

Appellant offered Vaughn as a witness. The State objected on the ground that Vaughn was indicted for the same transaction. The trial court, apparently out of the presence and hearing of the jury, heard evidence. This was the proper course, and the evidence heard by the court seems to be sufficient to justify his conclusion that Vaughn was indicted for participation in this same transaction and offense. We see no error in the action of the court in permitting the county attorney to state in this connection that he was before the grand jury which was investigating the charge against appellant and Vaughn, and that the testimony showed them implicated in the same offense.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—So far as discussed in the original opinion, the questions presented for review are deemed to have

been properly decided. In the motion for rehearing the additional point is made that there should have been no charge on the law of principals. From the State's standpoint, the evidence is definite to the effect that both the appellant and Vaughn were joint actors in the commission of the offense. Upon this testimony the law of principals was raised. The complaint is not of the manner in which it was submitted but of the fact that it was submitted.

The motion for rehearing is overruled.

*Overruled.*