### CLAUDE VAUGHN v. THE STATE.

No. 13636. Delivered November 12, 1930.
Motion for rehearing denied February 4, 1931.
Reported in 34 S. W. (2d) 877.

The opinion states the case.

*Ward & Ward* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A companion case, Butler v. State, is found reported in 29 S. W. (2d) 769. The testimony in the instant case is substantially the same as that adduced upon the trial of the companion case. Appellant and Butler were riding in appellant's car. Officers were watching for the car. When accosted by the officers, appellant, who was driving the car, speeded up. The officers pursued them. Butler got out on the running board and broke several jars on the side of the car. The parties also threw jars from the car. They were finally overtaken and arrested after having been pursued for several hundred yards. The officers testified that their car was going at its maximum speed while they were making the pursuit. An examination of the car and of the broken jars disclosed whisky. The officers testified that they did not taste the liquid, but averred that it smelled like whisky and was whisky. They said they had dealt with whisky for a number of years. Moreover, they testified that the contents looked like whisky.

The specific contention of appellant is that the proof that the jars which he and his companion transported contained whisky is supported alone by the opinion of the witnesses based upon the odor of the contents of the jars. Proof of flight and the action of appellant and his companion in breaking the jars supplemented and supported the opinion of the witnesses that the liquid was whisky. The opinion is expressed that the evidence is sufficient. Yarbrough v. State, 12 S. W. (2d) 803. In the companion case of Butler v. State, the evidence was held sufficient.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The evidence is challenged as insufficient to show that the liquid transported by the appellant was intoxicating. Two witnesses, who claimed to have knowledge of the

odor, taste and appearance of whisky, testified that the liquid transported by the appellant was whisky. They saw the fruit jars as they were broken, examined some of the liquid in the lid of a broken jar and also on paper on which the liquid had been spilled, smelled the ground where the jars had been broken which was wet from the liquid, and stated that they knew it was whisky. Reliance was not had upon the odor alone, but upon other circumstances quite in line with the decided cases on the sufficiency of the proof. See Cathey v. State, 252 S. W. 534; Kellum v. State, 278 S. W. 434; Yarbrough v. State, 12 S. W. (2d) 803; Vaughn v. State, 28 S. W. (2d) 148.

The motion for rehearing is overruled.

*Overruled.*