### CARL MADDOX V. THE STATE.

No. 20478. Delivered November 1, 1939.
Rehearing Denied December 20, 1939.
Motion for Rehearing Denied, without Written Opinion,
January 10, 1940.

The opinion states the case.

*C. F. Stevens* and *Dick Young,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of 10 years.

The record shows that on the night of August 30, 1936, the deceased and a friend, accompanied by some ladies, attended a midnight show and later drove to a hamburger stand on North Main Street in Houston. After they had been served, some uncomplimentary remarks passed between the deceased and appellant, who was working in a screened kitchen. A personal encounter followed, and appellant stabbed the deceased in the abdomen with a knife which had a blade about five inches long and an inch wide at the hilt. The deceased died the next afternoon as a result of the stab. Appellant fled but was apprehended in Rusk County and brought back to Houston where he made a confession, a portion of which he repudiated at the trial. Appellant testified that on two prior occasions the deceased had threatened to "whip hell out of him." That on the night in question he called him a s—of a b—, and asked him to come out of the screen kitchen or he would come in after him. He stated that the deceased came toward the door and he, appellant, undertook to latch it to prevent the deceased from entering, but that the door was jerked open and after several blows had passed, he drew his knife and stabbed the deceased. He also testified to certain threats that were made against him by the deceased and which were communicated to him by some of his friends. Mrs. Agnes Surrey testified that she was present at the hamburger stand on the night in question, but did not know any of the parties present. That she heard someone say "Someone is killed" and then saw a boy standing beside her wearing a white cap and apron and a knife in his belt who said: "God damned, I fixed him" and who then disappeared. We think the evidence is sufficient to sustain the jury's conclusion of appellant's guilt of murder with malice.

Bill number one complains of the following remarks by the State's attorney in his argument to the jury:

"And if you believe the boy is guilty, stand up for the people here whom you represent. Don't let little devils be

running around with knives raising hell with hell in their hearts and killing people."

No ground of objection is stated in the bill. Consequently it fails to reflect any error. Moreover, we do not consider the argument as improper.

In his motion for a new trial, appellant complains of the misconduct of the jury. The State contested the motion. The evidence as to whether the parole law was mentioned after the verdict was agreed upon or before it was agreed upon was a controverted issue, and the court, after hearing evidence relative thereto, overruled appellant's motion. From the evidence adduced at this hearing, we think the court was justified in concluding that the jury did not discuss the parole law until after they had agreed upon a verdict.. Moreover no complaint is made of the court's conclusion with reference thereto.

It might be noted that the setting up of radios in the jury room is a practice which should not be indulged in, as under some circumstances it might lead to the reversal of a case. All other complaints have been considered by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We have carefully reviewed the record in the light of the motion for rehearing and find that all the issues which had been raised by the appeal were considered in the original opinion and we think the proper disposition was made of them. Consequently the motion for rehearing is overruled.