## CHARLEY LEE SMITH V. STATE.

No. 24147. November 3, 1948.

Hon. Pace McDonald, Judge Presiding.

*B. R. Reeves,* of Palestine, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted for an unlawful sale of intoxicating liquor. The jury assessed a penalty of One Hundred Dollars fine and thirty days in jail.

The record is before us with three bills of exception. The proof showed that an agent of the Liquor Control Board went to the office of a garage, on the highway entering the city, at a late hour in the night and purchased from appellant a pint of whisky. The agent testified that when he told appellant that he wanted a pint of liquor he left the office and was gone but a short time, came back with it and delivered the whisky and received the money.

Testifying in his own behalf, appellant laid the scene of the sale in a different place and under different circumstances. He said that the agent got his sympathy and, acting for the witness, he took the money from him and went to a bootlegger nearby, purchased the whisky as the agent of the witness and

delivered it to him. This constitutes his defense to the charge against him. In submitting the issue to the jury the court, taking the view that no defense was raised, declined to give a charge on the defensive issue thus raised. Bill of Exception No. 4 shows that a special requested charge on the subject was refused by the court. In doing so the court committed error. The law involved, and the decisions of this Court thereon, are fully discussed in Hollis v. State, 161 S. W. (2d) 794. It would not add to the jurisprudence of the State to discuss the question further. The failure of the court to submit an affirmative charge on appellant's defense will require a reversal of the case.

Another question raised by bill of exception complains of the action of the county attorney in submitting to a juror the bottle of whisky, after the seal was broken in the presence of the jury, and permitting the juror to smell it. It will be recalled that in testifying appellant admitted that the bottle which he delivered to the witness contained whisky; that it was the brand which the witness described, but that it was a different bottle from that exhibited in court.

In Brown v. State, 242 S. W. 218, a glass of the liquid from the liquor seized was exhibited to and tasted by one of the jurors. In their deliberations this juror told the others that the liquid was whisky. This explanation was made to them in the jury room, while they were deliberating on the case, and not from the witness box. The court held that to be error, citing Parker v. State, 75 S. W. 30; Dane v. State, 36 Tex. Cr. R. 87, 35 S. W. 661. It was new evidence received in retirement.

Again, in Skinner v. State, 274 S. W. page 133, the action of the prosecuting attorney during his argument in tending the liquor for their examination, and permitting them to smell it and taste it, was considered. The court said that if there was any dispute in the record as to the fact that it was whisky, it would raise a serious question. On rehearing the evidence was stated more in detail. The liquor was passed to all the jurors, some of them smelled it, some tasted it. The court held that the words of the county attorney, accompanying the act of submitting the whisky to them, called upon them to be witnesses on a disputed issue. It appeared to the court that the county attorney himself was not satisfied upon the question of the intoxicating quality of the liquor and that he called upon the jury, by tasting it, to thus decide a disputed issue. This was held to be error and the case was reversed.

In those cases, however, where there is no disputed issue as to the intoxicating quality of the article sold it is uniformly held that no harm is done to the accused by the inspection of the liquor by the jury. See Atwood v. State, 257 S. W. 563; Cook v. State, 258 S. W. 1058; and Reid v. State, 271 S. W. 625, together with the authorities discussed in the opinions of these cases.

It is our conclusion that this bill fails to reveal error. There is no indication that the jury was influenced by smelling the whisky, or that they relied on their own judgment in determining its intoxicating character. In the Reid case, supra, Judge Morrow said: "It was improper for the court to permit the district attorney to pass around to the members of the jury a part of the liquor that was involved and have them smell it. This procedure has often been criticized, and the reason for its continued repetition is difficult to comprehend. If the information gotten by this experiment could be appropriated by them to any controverted question, the conviction would be jeopardized. If, as in the present case, it could not be appropriated, it would seem a useless act. There seems no question that there were several jugs of whisky in the car in which the appellant was riding. The fact that the jury were called upon to smell the whisky, while useless and improper as stated above, cannot under the circumstances be regarded as harmful. See Lerma v. State, 81 Tex. Cr. R. 109, 194 S. W. 167; Cook v. State, 96 Tex. Cr. R. 586, 258 S. W. 1058."

We are of the opinion that the above quoted paragraph is applicable to the case now before us and that the remarks of Judge Morrow are timely.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.