## JOE SMITH V. STATE.

No. 24306. March 23, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $100.00 upon his conviction by a jury in the county court upon the charge of possessing unstamped whisky. He pleaded not guilty to the charge and testified in his own behalf to an alibi, denying that he was the person from whom the officers contended that they bought the liquor in question.

The officers testified as to the purchase of a quart jar which they produced in court and gave as their opinion that it contained moonshine whisky on which no tax stamp was attached.

The record is before us with one bill of exception which complains of the action of the county attorney in which he, over the objection at the time, exhibited to the jury and passed around for their inspection the quart jar with the lid removed and invited them to smell or otherwise examine the liquid and determine for themselves whether or not it was an intoxicating liquor, as alleged. The plea of not guilty put in issue every question of fact necessary to sustain a conviction: that is, that the defendant possessed it, that the jar contained intoxicating liquor, and that it had no tax stamp thereon. The question here

presented is not a new one. It has been before this court a great many times and with the circumstances here presented has been the cause of reversal over a long period of time. We will not again discuss the distinctions found in the authorities between the circumstances calling for reversal and those which do not. We refer to the recent case of Charley Lee Smith. 152 Texas Crim. Rep. 399, 214 S. W. (2d) 471, in which the very question was discussed at length. The reversal in that case was not based on the ground herein complained of, because under the circumstances of the Charley Lee Smith case it was not error. He admitted the contents was liquor. The reversal was on another ground and the discussion in the opinion was in an effort to clarify the decisions of this court on the subject, and to direct the court in a subsequent trial of the case. The opinion there does, we think, fully discuss the question herein presented and calls for a reversal of the case now before us. The acts of the county attorney made the jurors become witnesses in the case on a controverted issue and we are unable to say that it did not injure appellant. There was other proof that the liquid was an intoxicating liquor, but there was no admission from appellant that it was such.

The judgment of the trial court is reversed and the cause is remanded.