Worley Lee INGRAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 35058.

Court of Criminal Appeals of Texas.

Dec. 5, 1962.

Rehearing Denied Jan. 16, 1963.

E. H. Boedeker, Lubbock, for appellant.

Fred E. West, County Atty., Broadus A. Spivey, Asst. County Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $100.

Highway Patrolman E. B. McKnight, called as a witness by the state, testified that on the night in question, as he was parked on the shoulder of U. S. Highway 84 in Lubbock County, he observed an automobile driven by appellant veer off the road toward him; that after appellant

turned back into the road and passed, he proceeded to follow and stop him after traveling a little over a quarter of a mile. Officer McKnight testified that while following appellant he observed his automobile on several occasions weave back and forth on the right side of the road but not cross the center stripe. He further stated that after stopping appellant he could smell a strong odor of alcohol on his breath; that appellant had urinated on himself and the front seat of his car; that he had difficulty in walking and was very unsteady on his feet, and the officer expressed his opinion that at such time appellant was very intoxicated.

Testifying as a witness in his own behalf, appellant denied that he was intoxicated or that he had had anything to drink. He also called witnesses to corroborate his denial of intoxication, and they testified that they had seen him on the night in question, prior to his arrest, at which time they did not smell alcohol on his breath and stated that he was sober.

In explaining his manner of walk and appearance at the time of his arrest, appellant testified that he was a victim of polio, which affected his walk, and that he was also afflicted with kidney trouble. He further denied that the highway patrolman smelled liquor on him and explained that what the officer smelled was fresh Copenhagen snuff, of which he had a mouthful, which "smells like rum."

The jury by their verdict resolved the disputed issue of intoxication against appellant.

We first overrule appellant's contention that the evidence is insufficient to support the judgment of conviction.

■ Appellant insists that the court erred in failing to grant a new trial on the ground that the jury received new evidence after retiring to deliberate upon the case. This contention is based upon proof that when the jury retired to deliberate, they took with them into the jury room a box of Copenhagen snuff which had been introduced in evidence by the state and, before arriving at a verdict, they opened the box, smelled of the snuff, and then mixed it with water to determine its smell. The box of snuff was a box of Copenhagen snuff appellant had with him at the trial, which he identified as being the same type of snuff he had on the night of his arrest.

In his brief, appellant relies upon certain holdings of this court, primarily in liquor cases such as Tro v. State, 104 Tex. Cr.R. 193, 283 S.W. 511, and Smith v. State, 153 Tex.Cr.R. 193, 218 S.W.2d 851, where it was held reversible error to exhibit to the jury a container of liquid which had been admitted in evidence for them to smell or otherwise examine to determine whether it was intoxicating liquor, where the matter of its intoxicating nature was an issue, or to permit the jury to take the container with them to the jury room and there examine and determine whether it was intoxicating liquor.

In the cases where such practice has been held reversible error, it was shown that the jury, by their examination, discovered new evidence which influenced their verdict.

In the present case, there is no showing as to the results of the jury's examination and experimentation with the snuff. No juror testified on the motion for new trial as to what smell was revealed by the examination of the snuff. In the absence of a showing that some new fact, hurtful to appellant, was discovered by the examination and experiment, which influenced the jury in the case, such action by the jury would not require the granting of a new trial. Smith v. State, 90 Tex.Cr.R. 24, 232 S.W. 497, and also Smith v. State, 152 Tex. Cr.R. 399, 214 S.W.2d 471.

■ Appellant's remaining complaint is to a portion of the county attorney's closing argument to the jury. Appellant's only objection to the argument was: "We take an exception to that." Such objection,

without stating the grounds or reason therefor, is insufficient to predicate error. Bryant v. State, 109 Tex.Cr.R. 32, 2 S.W. 2d 846; Maddox v. State, 138 Tex.Cr.R. 210, 133 S.W.2d 977; Johnson v. State, 150 Tex.Cr.R. 356, 200 S.W.2d 1021.

The judgment is affirmed.

Opinion approved by the Court.