**Ted Lefteris KALDIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–95–00174–CR, 01–95–00175–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1996.

Rehearing Denied May 24, 1996.

Discretionary Review Refused
July 31, 1996.

Richard B. Kuniansky, Houston, for Appellant.

Calvin Hartmann, Murphy S. Klasing, Houston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of possessing liquor with intent to sell without a proper permit and of permitting the consumption of alcohol at a prohibited time. The trial judge fined appellant $1000 and sentenced him to 30 days in jail for each offense. We affirm.

On August 14, 1994, Texas Alcoholic Beverage Commission Agent Farquhar entered the Fuego Fuego Club in Houston around 2:30 a.m. He ordered a rum and coke, an employee brought it to him, and he determined by taste and smell that it contained rum. The club did not have a permit to sell rum or any alcoholic beverages after 2:00 a.m.

Officers arrested appellant (the club's owner) and three employees and found 54 glasses that they determined by taste and smell to contain alcohol. The glasses were photographed, and their contents were destroyed. No scientific tests were performed on the seized liquids, and no liquids were preserved as evidence. Although the officers conducted a thorough search that included the employees' vehicles and the trash bin outside the store, they found no empty alcohol bottles or any other evidence of alcohol.

■ In his first point of error, appellant contends the trial judge erred in excluding

demonstrative evidence of the liquids tasted, smelled, and seized by the TABC.

■ Appellant testified that the seized liquids were nonalcoholic mixtures of sugarcane, vanilla, honey, honeysuckle, fruit juices, soda, grenadine, vinegar, and sweet and sour mix. He prepared mixtures allegedly identical to the seized liquids and offered them as demonstrative evidence, but the State's objection to allowing "the contents being actually distributed and tested among the panel" was sustained.[1] The judge stated he would not admit the exhibits without a scientific analysis[2] showing "that they haven't been tainted by rum or some kind of rum extract in order to induce such a smell....," adding, "I'm not going to take his verification by testimony." However, the judge admitted appellant's testimony about the exhibits (three bottles of liquid) and allowed the jury to see them, but refused to allow the jury to smell or taste them.

Appellant testified that he prepared the bottles the night before trial, that they contained the same liquids that were seized by the TABC on August 14, 1994, and that they contained no alcohol. Appellant wanted to allow jurors to smell or even taste (if they desired) the liquids. Appellant contends jurors would have concluded that the liquids smelled and tasted as though they contained alcohol, although they did not, thus showing that the officers were mistaken. By contrast, agent Farquhar testified that, based on his 20 years of experience, a non-alcoholic beverage could not be made to taste and smell like alcohol.

■ Appellant contends that his containers should have been admitted as demonstrative evidence, citing *Miskis v. State*, 756 S.W.2d 350, 352 (Tex.App.—Houston [14th Dist.] 1988 pet. ref'd). In *Miskis*, the court stated that when demonstrative evidence is admitted, the jury should be instructed "that the object is not the object used in the

commission of the crime and is to be considered solely as evidence that demonstrates or illustrates what the object used in the offense looked like." *Id.* That is how the trial judge allowed appellant's containers to be used in this case. The jury was permitted to see what the concoctions looked like.

■ Appellant also contends the liquids should have been admitted as an experiment. When the State has sought to use actual (not demonstrative) evidence in exactly this way, the Court of Criminal Appeals has repeatedly refused to allow it.

> It was improper for the court to permit the District Attorney to pass around to the members of the jury a part of the liquor that was involved and have them smell it. This procedure has often been criticized, and the reason for its continued repetition is difficult to comprehend. If the information gotten by this experiment could be appropriated by them to any controverted question, the conviction would be jeopardized.

*Smith v. State*, 214 S.W.2d 471, 472 (Tex. Crim.App.1948); *accord Smith v. State*, 153 Tex.Crim. 193, 218 S.W.2d 851, 852 (1949) ("The question ... is not a new one. It has been before this court a great many times and ... has been the cause of reversal over a long period of time."). The Court of Criminal Appeals has condemned the practice of having jurors, at the State's request, smell and taste whiskey, because it "called upon them to be witnesses on a disputed issue," and when, during deliberations, a juror stated that the smelled or tasted liquid was whiskey, his statement constituted "new evidence received in retirement." *Smith*, 214 S.W.2d at 472. Therefore, the trial judge did not abuse his discretion by not permitting the jury to smell and taste the liquids in appellant's exhibits.

Point of error one is overruled.

1. The State specifically did not want the jury to "actually open these up and test what is contained with [sic] each bottle to see whether it smells like, taste [sic] like alcohol and so forth."

2. Scientific analysis is unnecessary to prove that a liquid contains alcohol. Such testimony may be given by a non-expert witness. *Thompson v.*

*State*, 28 S.W.2d 151, 152 (Tex.Crim.App.1930); *Kellum v. State*, 102 Tex.Crim. 537, 278 S.W. 434, 435 (1926); *Hannon v. State*, 259 S.W. 1083, 1084 (Tex.Crim.App.1924). Here, such testimony by appellant was allowed. Appellant's complaint is different, that jurors were not allowed to smell and taste thè liquids.

In his second point of error, appellant contends the trial judge erred in granting the State's challenge for cause of venire member Joseph Thompson.

In order to show harm, appellant must show that the State used all its peremptory challenges. *Smith v. State*, 683 S.W.2d 393, 402 n. 7 (Tex.Crim.App.1984). Because four defendants were tried together, the State had 12 peremptory strikes. TEX.CODE CRIM.P.ANN. art. 35.15(c) (Vernon 1989). It used 11. Therefore, appellant was not harmed.

We overrule the second point of error.

The judgment is affirmed.

